384 So.2d 183 (1980)
DADE COUNTY, Florida, Petitioner,
v.
Stanley M. GOLDSTEIN, Thomas G. Sherman and the Honorable Lenore C. Nesbitt, Respondents.
No. 79-1733.
District Court of Appeal of Florida, Third District.
May 13, 1980.
Rehearing Denied June 27, 1980.
*184 Robert A. Ginsburg, County Atty. and Mark A. Dresnick and Ralph C. Rocheteau, III, Asst. County Attys., for petitioner.
Stanley M. Goldstein, Thomas G. Sherman, Miami, for respondents.
Lawrence E. Besser, Miami, for Florida Criminal Defense Attorneys Association, as amicus curiae.
Before HENDRY and HUBBART, JJ., and VANN, HAROLD (Ret.), Associate Judge.
HUBBART, Judge.
This is a petition for a writ of certiorari to review an order of the trial court awarding counsel fees to two court-appointed attorneys in a criminal case which the petitioner Dade County is required to pay. We have jurisdiction to entertain this petition. Dade County v. Grossman, 354 So.2d 131 (Fla.3d DCA 1978); Dade County v. McCrary, 260 So.2d 543 (Fla.3d DCA 1972); Dade County v. Strauss, 246 So.2d 137 (Fla.3d DCA 1971), cert. denied 253 So.2d 864 (Fla. 1971), cert. denied 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1972).
The central issue presented for review centers around the authority of a trial court to appoint and compensate a private attorney to represent an insolvent adult criminal defendant at the trial level where the public defender has been permitted by the court to withdraw from representing such defendant because of a conflict of interest. For the reasons developed below, we conclude that under Sections 27.53(2), (3), 925.036, Florida Statutes (1979): (a) the trial court may appoint for compensation purposes one, but no more than one, member of the Florida Bar to represent such an insolvent criminal defendant, (b) the trial court may, in its discretion, award such court-appointed counsel a fee to be computed entirely on an hourly basis [based on a determination of the reasonable number of hours expended by counsel in the defense of said defendant] according to an hourly rate to be set by the chief judge or senior judge of the circuit, which rate shall not exceed the prevailing hourly rate for similar representation rendered in the circuit, and (c) the fee awarded to court-appointed counsel shall in no event exceed the following maximum amounts at the trial level per defendant per case [in this context, a case is a count in an indictment or information charging an alleged crime under Florida law]: $2,500 for a capital case, $2,000 for a life felony case, $1,500 for a noncapital, nonlife felony case, and $500 for a misdemeanor case. As the trial court herein did not fully comply with the above statutory requirements in awarding counsel fees in this cause, we are compelled to quash the order under review and remand for further proceedings.[1]

I
The facts pertaining to the above issue are undisputed. On May 3, 1979, the Dade County Grand Jury returned a four-count indictment against the defendant Roy Alan Stewart. The defendant Stewart was *185 charged by this indictment with (1) first degree murder, a capital felony [§ 782.04(1)(a), Fla. Stat. (1979)]; (2) robbery with a deadly weapon, a first degree felony [§ 812.13(2)(a), Fla. Stat. (1979)]; (3) sexual battery on a person over the age of eleven using actual physical force likely to cause serious personal injury, a life felony [§ 794.011(3), Fla. Stat. (1979)], and (4) burglary using a dangerous weapon, a first degree felony [§ 810.02(2), Fla. Stat. (1979)].[2] On April 11, 1979, the Circuit Court for the Eleventh Judicial Circuit of Florida appointed the Dade County Public Defender to represent the defendant Stewart on this indictment.
On April 27, 1979, the public defender filed a pleading which certified that there was a conflict of interest between the defendant Stewart and other defendants represented by the public defender. Accordingly, the public defender moved the trial court to withdraw from representing the defendant Stewart and to appoint private counsel to represent said defendant under Section 27.53(3), Florida Statutes (1979). On April 27, 1979, the trial court heard and granted the public defender's motion, permitted *186 the public defender to withdraw from representing the defendant Stewart, and appointed a private attorney [the respondent Stanley M. Goldstein] to represent the defendant Stewart on the pending four-count indictment. On May 8, 1979, the trial court, upon Mr. Goldstein's request and the defendant Stewart's approval, also appointed the respondent Thomas G. Sherman to serve as co-counsel for the defendant Stewart on the pending four-count indictment because of the apparent complexity of the case.[3]
Upon the defendant Stewart's plea of not guilty, the cause was tried in the trial court on June 25-July 5, 1979. The jury returned a verdict of guilty as charged save for count II where a guilty verdict on a lesser offense was rendered. The defendant Stewart was sentenced to death on the first count of the indictment and to varying terms of imprisonment to be served concurrently on the remaining three counts of the indictment. An appropriate notice of appeal was subsequently filed and the appeal is presently pending before the Florida Supreme Court.
On or about July 26, 1979, the respondents Mr. Goldstein and Mr. Sherman filed sworn motions with the trial court for counsel fees to compensate them for representing the defendant Stewart at the trial level on the four-count indictment herein. Both motions allege that certain hours, both in court and out of court, were spent in the defense of this cause. Also affidavits as to reasonable attorneys fees were filed by Mr. Goldstein and Mr. Sherman in support of their motions. The trial court heard the motions at a full hearing in which the petitioner Dade County was permitted to participate.
On August 3, 1979, the trial court entered an order, from which this petition for certiorari is taken, awarding a fee of $8,500 to the respondent Stanley M. Goldstein and a fee of $8,500 for the respondent Thomas G. Sherman to be paid by Dade County.[4] This *187 fee was based upon Section 925.036, Florida Statutes (1979), although the trial court concluded that it also had inherent power aside from the statute to compensate counsel in this cause. No determination was made in this order as to the reasonable number of hours which either counsel spent in the defense of this cause. There is further no mention made in the order as to any hourly rate set by the chief judge of the circuit or the senior judge thereof, as required by the above statute. Moreover, our review of the record reflects no such order by the chief judge or senior judge of the circuit. This petition for a writ of certiorari follows.

II
The statute [§ 27.53(3), Fla. Stat.(1979)], under which the respondents Mr. Goldstein and Mr. Sherman were appointed by the court as counsel for the defendant Stewart after the public defender was permitted to withdraw,[5] provides as follows:
"(3) If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to move the court to appoint one or more members of The Florida Bar who are in no way affiliated with the public defender in his capacity as such, or in his private practice, to represent those accused. However, the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict, and said attorney may, in the discretion of the court, be paid a fee and costs and expenses as is provided in subsection (2)." § 27.53(3), Fla. Stat.(1979).
By its plain language, the above statute authorizes the public defender to move the trial court to appoint one or more members of the Florida Bar who are in no way affiliated with the public defender to represent public defender indigent defendants upon a determination that the interests of these defendants are so adverse and hostile that they cannot all be represented by the public defender or his staff without conflict of interest. The statute, by implication, contemplates that the trial court may grant the defendant's motion, if well founded, and appoint one member of the Florida Bar to represent each indigent defendant. Such counsel who are so appointed may, in the court's discretion, be awarded a fee, costs and expenses as provided by subsection (2) of the statute. This subsection, in turn, provides that "[s]uch fee and costs and expenses shall be fixed by the trial judge and *188 shall be paid in the same manner and amount as counsel fees are paid in capital cases or as otherwise provided by law." § 27.53(2), Fla. Stat.(1979).
Section 925.036, Florida Statutes (1979), provides the method by which the court may compensate an attorney who is appointed, as here, under Section 27.53, Florida Statutes (1979). The subject statute reads as follows:
"An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. The compensation for representation shall not exceed the following per case per defendant:
(1) For misdemeanors and juveniles represented at the trial level: $500.
(2) For noncapital, nonlife felonies represented at the trial level: $1,500.
(3) For life felonies represented at the trial level: $2,000.
(4) For capital cases represented at the trial level: $2,500.
(5) For representation on appeal: $1,000."
§ 925.036, Fla. Stat.(1979).
By its plain terms, this statute provides that an attorney appointed under Section 27.53, Florida Statutes (1979), shall be compensated exclusively at an hourly rate to be fixed by the chief judge or the senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. As such, the trial court by implication must find, based on a proper showing, that the appointed attorney reasonably expended a certain amount of hours in representing the indigent client, and, thereafter, compute the fee due based on the above established hourly rate. The statute provides no other method by which a fee may be computed, as for instance, taking into consideration the nature of the services rendered, the responsibility incurred, the skill required, the circumstances under which it was rendered, the value of the services to the client, and the beneficial results, if any, of the services. See Pfohl v. Pfohl, 345 So.2d 371, 379 (Fla. 3d DCA 1977). Under the above statute, the exclusive method of compensating counsel is computed solely on the above hourly basis.
Regardless of the reasonable number of hours expended by counsel, the above statute further provides that in no event shall the fee award exceed the following maximum amounts per defendant per case, to wit: $2,500 per capital felony case, $2,000 per life felony case, $1,500 per noncapital, nonlife felony case, $500 per misdemeanor case. In our view, a case as so used by the statute must be considered a count charging an alleged crime in an indictment or information as applied to an adult criminal trial. Any other interpretation makes little sense. For example, when we deal with a multi-count indictment or information charging various types of felonies [which may include capital, life, and first, second or third degree felonies], as well as misdemeanors, one can only logically categorize each count as a capital case, a life felony case, a noncapital, nonlife felony case, and a misdemeanor case, depending on the crime charged therein. We reject Dade County's contention that a case should be construed as an indictment or information no matter how many or what kinds of counts or charges are contained therein, because it would be logically impossible to determine thereafter what type of case it was as each count may charge, as here, significantly different crimes. The only logical way of interpreting the statute, in our view, is to consider each count as a separate case and categorize the case according to the crime charged in the count. Moreover, it makes no sense and is patently unfair to compensate an attorney who represents an insolvent defendant on a one-count indictment or information on the same basis as an attorney who represents an insolvent defendant on a multi-count indictment or information; the *189 amount of work expended in defense of the two types of indictments or informations is frequently different as the multi-count indictment or information necessarily exposes the defendant to a much greater criminal liability. In short, any other construction of the statute, other than the one we reach herein, would yield an illogical and unreasonable result which we are constrained by law to avoid. Thomas v. State, 317 So.2d 450 (Fla. 3d DCA 1975).

III
We turn now to the order under review in the instant case to determine whether the above statutory requirements were met. We conclude that such requirements were not met.

A
The subject order awards a separate fee to two attorneys for representing one defendant. Section 27.53(3), Florida Statutes (1979), however, contemplates the appointment of only one attorney to represent one indigent defendant for which a fee may later be awarded to the said attorney. As Mr. Goldstein was the first appointed, and apparently lead counsel in the instant case, only he may be compensated by the trial court. Although the trial court clearly had the inherent authority to appoint Mr. Sherman as co-counsel for the defendant in this cause, it had neither the statutory authority, nor the inherent authority apart from any statute, to provide compensation for Mr. Sherman in the cause. MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973); Seminole County v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980).
We fully recognize that Mr. Sherman as co-counsel herein may have expended a great deal of effort and time in the defense of a truly exhausting cause for which he is to be greatly commended. His services were rendered in the highest traditions of the legal profession on a pro bono basis, in line with what many attorneys in many criminal cases over the years have also been called upon to do. Nothing we say here, however, shall preclude Mr. Goldstein [who with the approval of the defendant Stewart and the trial court, sought out Mr. Sherman's services in this cause] from himself compensating Mr. Sherman in any amount he deems reasonable if done in accordance with Fla.Bar Code Prof.Resp., DR 2-107.
The $8,500 fee awarded to Mr. Sherman, as contained in the order under review, must, accordingly, be quashed as not authorized by the above statutes. We further disapprove that portion of the order under review which arrogates to the court an inherent authority to award fees over and above that authorized by applicable statutory law. MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973); Seminole County v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980).

B
The subject order awards an $8,500 fee to Mr. Goldstein, but makes no finding as to the reasonable number of hours expended by Mr. Goldstein at the trial level in the defense of the defendant Stewart. There is further no reference in the order, and none in the record, to the hourly rate, if any, fixed by the chief judge of the circuit nor the senior judge thereof for court-appointed counsel in cases of this nature. As such, there is no mathematical computation of the fees [required by the above statutory law] as to the reasonable number of hours expended by Mr. Goldstein multiplied by the established hourly rate.
Finally, the $8,500 awarded Mr. Goldstein exceeds, in any event, the statutory maximum allowable by law in this cause as the maximum which Mr. Goldstein could receive under the statute [provided the reasonable number of hours times the hourly rate justified same] was $7,500. Mr. Goldstein could receive no more than $2,500 in defending the first degree murder count, a capital felony case [§ 782.04(1)(a), Fla. Stat.(1979)], no more than $1,500 in defending the robbery with a deadly weapon count, a first degree felony [§ 812.13(2)(a), Fla. Stat.(1979)] and thus a noncapital, nonlife felony case, no more than $2,000 in defending the sexual battery count, a life *190 felony case [§ 794.011(3), Fla. Stat.(1979)], no more than $1,500 in defending the burglary with a dangerous weapon count, a first degree felony [§ 810.02(2), Fla. Stat.(1979)] and thus a noncapital, nonlife felony case.[6] The total maximum amount for defending these four cases is $7,500.
The $8,500 fee awarded to Mr. Goldstein, must, accordingly, be quashed as it was not computed on an hourly basis as required by law, and, in any event, exceeds the statutory maximum. Upon remand, the trial court may take additional evidence and thereafter enter an order awarding a fee to Mr. Goldstein based on the above statutory requirements.

IV
The petition for writ of certiorari is granted, the order under review is quashed and the cause is remanded to the trial court with directions: (1) to vacate the $8,500 attorney fee award to the respondent Thomas G. Sherman, and (2) to conduct further proceedings and thereafter enter an order awarding a fee to the respondent Mr. Stanley M. Goldstein according to the above statutory requirements as interpreted in this opinion.
NOTES
[1] In all fairness to the trial court, it should be noted that the above statutory requirements have not heretofore been definitely interpreted by a Florida appellate court. Moreover, these requirements have given rise to many divergent interpretations by the bench and bar at the trial level. We hope we have dispelled at least part of that confusion by the decision which we render herein.
[2] The subject indictment in this cause reads as follows:

"IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY FALL TERM, 1978
STATE OF FLORIDA #79-6621
 vs. INDICTMENT
ROY ALLEN STEWART, I FIRST DEGREE MURDER
 II ROBBERY
DEFENDANT. III SEXUAL BATTERY
 IV BURGLARY
IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:
The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths, present that between February 21, 1979 and February 24, 1979, within the County of Dade, State of Florida, ROY ALLEN STEWART did, unlawfully and feloniously, from a premeditated design to effect the death of MARGARET HAIZLIP, a human being while engaged in the perpetration of, or in an attempt to perpetrate Sexual Battery, kill MARGARET HAIZLIP, a human being, by beating or striking the said MARGARET HAIZLIP with his fists or hands and strangling the said MARGARET HAIZLIP with an electrical cord, in violation of Florida Statute 782.04, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
COUNT II
The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths, present that between February 21, 1979 and February 24, 1979, within the County of Dade, State of Florida, ROY ALLEN STEWART did unlawfully by force, violence, assault or putting in fear, take certain personal property, to-wit: A watch, the property of MARGARET HAIZLIP, as owner or custodian, from the person or custody of MARGARET HAIZLIP, said property being the subject of larceny and of the value of less than ONE HUNDRED DOLLARS ($100.00), and in the course of committing said ROBBERY, carried a deadly weapon, to-wit: A knife, in violation of 812.13 Florida Statutes, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
COUNT III
The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths, present that between February 21, 1979 and February 24, 1979, within the County of Dade, State of Florida, ROY ALLEN STEWART did unlawfully and feloniously commit sexual battery upon MARGARET HAIZLIP, a person over the age of eleven (11) years, by inserting his penis into the vagina of the said MARGARET HAIZLIP, without her consent, and in the process thereof used actual physical force likely to cause serious personal injury, in violation of 794.011(3) Florida Statutes, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
COUNT IV
The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths, present that between February 21, 1979 and February 24, 1979, within the County of Dade, State of Florida, ROY ALLEN STEWART, did unlawfully enter or remain in a conveyance, to-wit: An automobile, the property of MARGARET HAIZLIP, as owner or custodian, the defendant having an intent to commit an offense therein, to-wit: Theft, and in the course of committing said burglary, the defendant did carry a weapon, to-wit: A knife, in violation of 810.02 Florida Statutes, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
 /s/ J. Richard Soulliere
 J. RICHARD SOULLIERE
 FOREMAN OF THE GRAND JURY"

[3] Both Mr. Goldstein and Mr. Sherman were referred to as special assistant public defenders in the court below. This was a misnomer as Section 27.53(3), Fla. Stat.(1979), under which Mr. Goldstein and Mr. Sherman were appointed, specifically provides that the public defender shall upon a determination of specified conflict of interest, move the court to appoint counsel, who is "in no way affiliated with the public defender in his capacity as such . .". A special assistant public defender is clearly affiliated with the public defender and could not be appointed to represent an insolvent defendant in a conflict case under this statute. Accordingly, we treat both Mr. Goldstein and Mr. Sherman's appointments as appointments of private lawyers who were in no way affiliated with the public defender, as indeed, it appears without dispute that such is precisely the case.
[4] The order under review reads as follows:

"THIS CAUSE came on to be heard upon the Motions for Reasonable Attorneys' Fees and/or to Declare Section 925.036, Florida Statutes, Unconstitutional, filed by attorneys Stanley M. Goldstein and Thomas G. Sherman, and the Court, after hearing argument and testimony presented by the movants, and after hearing argument presented by Dade County in opposition to said motions, hereby,
FINDS that the limitations upon compensation for court-appointed attorneys enumerated in Section 925.036, Florida Statutes (1978), are merely directory to the Court pursuant to the following cases which stand for the proposition that a court is not bound mandatorily to give meaning to the word `shall' in a statute where to do so would be an unreasonable infringement on the inherent power of the court to perform its judicial functions. Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948); Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978); State v. Shipman, 360 So.2d 782 (Fla. 4th DCA 1978); State ex rel. Harrington v. Genung, 300 So.2d 271 (Fla. DCA 1974); Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978). In exercising its inherent power, the Court notes that the Supreme Court has recently held that a defendant charged with a capital crime only has a right to appointed counsel during trial proceedings and direct appellate review of those proceedings, and it is therefore important that the defendant have full and adequate representation at his trial by court-appointed counsel. Petition of A.D. Graham, et al., on Behalf of Nine Condemned Men v. State of Florida, Supreme Court Case No. 56,947, opinion filed June 22, 1979. Therefore, it is
ORDERED AND ADJUDGED for the foregoing reasons, and for the reasons which were stated by the Court during the reported hearing on these motions, the Court hereby determines that Stanley M. Goldstein and Thomas G. Sherman are each entitled to attorneys' fees for the representative of defendant Roy Allen Stewart in the above captioned case as Special Assistant Public Defenders and the Court certifies to the Board of Dade County Commissioners that Stanley M. Goldstein, 1401 Brickell Avenue, Suite 910, Miami, Florida is entitled to a fee of $8,500.00 and that Thomas G. Sherman, 1401 Brickell Avenue, Suite 910, Miami, Florida, is entitled to a fee of $8,500.00 based upon the schedule set down in Section 925.036, Florida Statutes, to wit: $2,500.00 per capital case and $2,000.00 for each life felony incurred in this indictment, which shall be paid to them by Dade County, Florida, after being audited and approved according to law.
The Court makes no finding regarding the constitutionality of Section 925.036, Florida Statutes (1978).
DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 3 day of August, 1979."
[5] The parties have treated these appointments as also made under Section 925.035(1), Florida Statutes (1979). This statute, however, only authorizes the trial court to initially appoint private counsel to represent an insolvent defendant in a capital case. In the case at bar, the trial court chose not to utilize this statute and initially appointed the public defender to represent the defendant Stewart. It could not thereafter utilize the statute to permit the public defender to withdraw as counsel based on the conflict of interest grounds and appoint private counsel to represent the defendant. Section 27.53(3), Florida Statutes (1979), exclusively governs such a procedure, and is, accordingly, the sole statutory authority for the appointments in this cause. In any event, the issue is academic as the result we reach herein would be the same even if the respondent attorneys had also been appointed under Section 925.035(1), Florida Statutes (1979).
[6] It should be noted that a life felony under Florida law is not any crime punishable by life imprisonment. A life felony is solely a crime punishable by a minimum of 30 years imprisonment and a maximum life imprisonment and/or a $15,000 fine. §§ 775.081(1)(b), 775.082(3)(a), 775.083(1)(a), Fla. Stat. (1979). A first degree felony, on the other hand, is not a life felony, although it is punishable by a maximum of 30 years imprisonment or [when specifically provided by statute] life imprisonment and/or a $10,000 fine. §§ 775.081(1)(c), 775.082(3)(b), 775.083(1)(b), Fla. Stat.(1979). As such, the robbery and burglary charges contained in counts II and IV of the indictment herein, although punishable by a maximum of life imprisonment [and/or a $10,000 fine], were not life felonies, but first degree felonies and thus noncapital, nonlife felonies under Section 925.036(2), Florida Statutes (1979).