GLICKSTEIN, Judge.
Petitioner challenges an order granting him attorney’s fees in the amount of $1,500 for his representation of an insolvent criminal defendant. Before addressing the merits, we note that the style of the case has been changed on our own motion.[1]
On June 5,1980, the trial court appointed petitioner, a private lawyer, to represent Dale Warman, a criminal defendant charged in seven separate informations with the crimes of robbery. Each information charged an unarmed robbery pursuant to section 812.13(2Xc), Florida Statutes (1979). In January of 1981 Warman entered a plea of guilty to each charge. In March defense counsel filed a petition for attorney’s fees based on section 925.036(2), Florida Statutes (1979),[2] and Palm Beach *848 Administrative Order 1.Q11-4/80.[3] The petition asked the court to set a fee based on 99.4 hours of work performed on Warman’s case. Petitioner requested an award of $4,970.00 but later amended that figure to $4,519.00. The trial court ordered the county to pay petitioner $1,500.00 for his services. This proceeding followed.
Petitioner argues that because the total number of hours he spent on the case was never disputed (a fact that is true), the trial court erred in not awarding the requested fee. The trial judge, according to petitioner, acted improperly in denying the requested compensation because the fee was within the statutory limits of section 925.036(2) and did not exceed the hourly rate set by the chief judge of the circuit. Respondent, on the other hand, asserts that under the applicable statute an attorney is to be compensated for only those hours reasonably expended. This requires a determination by the trial judge whose decision should not be overturned in the absence of an abuse of discretion.
We agree with respondent and the Third District Court of Appeal’s decision in Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980). Under Goldstein a trial court, in awarding fees pursuant to section 925.036,
must find, based on a proper showing, that the appointed attorney reasonably expended a certain amount of hours in representing the indigent client, and, thereafter, compute the fee.
Id. at 188.
In adopting this language in Gold-stein, we hold that in order to establish a fee under section 925.036, an attorney, in the absence of a stipulation agreeing on the hours expended on a case or on the use of an affidavit, must testify as to the time he spent in representing the indigent defendant. In addition, expert testimony must be given on the reasonableness of those hours, in the absence of a stipulation to the use of affidavits. The trial judge, when reviewing this evidence, may decide not to follow the estimates set by the experts, but his discretion is subject to further judicial scrutiny. Of course, any amount he awards may not exceed the statutory maximum allowance.[4]
Although we remand this case for the taking of expert testimony, we hold the inadequate award of $1,500 fell beneath the limit of discretion.[5] Petitioner was faced with defending his client against seven separate felony charges; the fact that the defendant may have been charged in one information or several is immaterial. Under the 1979 law, petitioner could have received $1,500 for each of the seven offenses for which the defendant was charged. Wakulla County v. Davis, 395 So.2d 540 (Fla.1981).[6] Furthermore, although the trial court’s concern for the cost of these services to the general public was laudable, it was not a proper factor to consider in setting the fee. The trial judge’s remark near the conclusion of the hearing that he denied petitioner’s request “based on too much time being spent to prepare the case for a plea” was a conclusion made not only without any expert testimony on which to base it but in apparent contradiction to the circumstances faced by petitioner.
Accordingly, we reverse and remand with directions to consider petitioner’s testimony *849 and that of any experts presented by the parties.
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.

. Petitioner filed a notice of appeal which described his status as that of an appellant. Moreover, the briefs submitted by the parties listed the State of Florida as the appellee. A petition for certiorari, and not an appeal, is the appropriate method of seeking review of an order which awards counsel fees to court-appointed attorneys in a criminal case. See Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DC A 1980). And the county, and not the state, is the proper party. County of Seminole v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980). In the present case, the county attorney’s office appropriately filed the answer brief.

. Section 925.036(2), Florida Statutes (1979), provides:
An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. The compensation for representation shall not exceed the following per case per defendant:

(2) For noncapital, nonlife felonies represented at the trial level: $1,500.

. The Palm Beach Administrative Order 1.011-4/80 provided that compensation to court-appointed attorneys was to be $40 per hour until October 1, 1980, and $50 per hour thereafter.

. The Supreme Court of Florida recently upheld the constitutionality of section 925.036, Florida Statutes (Supp.1978). Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla.1981). Under Bridges a court lacks the authority to award a fee in excess of the statutory maximum. See also Marion County v. DeBois-blanc, 410 So.2d 951 (Fla. 5th DCA 1982).

. Perhaps we need to sensitize the phrase “abuse of discretion,” especially when a conscientious trial judge, as in this case, has provided us with all of the reasons for his decision and the authority on which he relies.

. This case arose prior to the passage of Chapter 81-273, Laws of Florida (1981), which amended section 925.036 by increasing the statutory fee maximum and by forbidding stacking.