DANAHY, Acting Chief Judge.
Appellant, the Department of Health and Rehabilitative Services (HRS), appeals a final order denying its motion to vacate that portion of an order which awarded appellee Valerie Johnson attorney’s fees. HRS contends that the trial court had no authority to make the award. We agree and reverse.
In this juvenile dependency proceeding for enforcement of child support, appellee was ordered to appear and show cause why she should not be held in contempt for her failure to make payments under a 1978 juvenile division court order. After a hearing, the trial court ruled that appellee had been relieved from her obligation to make support payments by a 1981 order rendered in another division of the court in which appellee’s dissolution of marriage case was tried. The trial court further ruled that she would still be required to pay the ar-rearages which had accrued in this dependency case until the entry of the 1981 order in the dissolution proceeding. The trial court also ordered that appellee was entitled to an attorney’s fee from HRS, for defending this enforcement proceeding. As authority, the court cited section 61.16, Florida Statutes.
Attorney’s fees may be awarded only where authorized by contract or stat *881 ute or where an attorney creates or brings a special fund into the court. Kittel v. Kittel, 210 So.2d 1 (Fla.1968); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ritchey, 394 So.2d 1057 (Fla. 2d DCA 1981); Polk County v. Deaton, 352 So.2d 571 (Fla.2d DCA 1977). None of these circumstances is present here. The order before us is in the continuing juvenile dependency proceedings brought pursuant to chapter 39, Florida Statutes; it is not part of the dissolution of marriage suit between appellee and the child’s father and brought pursuant to chapter 61, Florida Statutes.[1] The provisions of chapter 61, Florida Statutes, are inapplicable and cannot provide grounds for an award of attorney’s fees against HRS in this chapter 39 dependency case. We note that HRS is not a custodian of the dependent child in this case. We find no authority in chapter 39 or chapter 409, Florida Statutes, for an award of attorney’s fees against HRS in circumstances such as these.
Accordingly, we hold that the trial court erred when it ruled that an attorney’s fee could be levied against HRS in this juvenile proceeding upon any authority granted by chapter 61. Since the trial court lacked authority to enter the fee award against HRS, HRS’s motion to vacate should have been granted.
We therefore reverse the order appealed from and remand with directions to enter an amended order consistent with this opinion.
SCHOONOVER and LEHAN, JJ., concur.

. It appears that at one point an unsuccessful attempt was made to consolidate the two separate cases,