ORFINGER, Judge.
The trial court awarded the appellee $1,500 in attorney’s fees for her representation of an indigent mother in a child dependency proceeding.[1] The County appeals, contending that there is no legal basis for an award in excess of the statutory maximum fee.[2] We agree and reverse.
Both parties rely on Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), cert. denied, — U.S. -, 107 S.Ct. 908, 93 L.Ed.2d 857 (Fla.1987), wherein the trial court was authorized to award an attorney representing an indigent criminal defendant an amount in excess of the statutory maximum because of the “extraordinary and unusual” nature of the case. In Mak-emson, the Supreme Court upheld the facial constitutionality of the statutory limita *1110 tion on the amount of compensation for representation by court-appointed attorneys in criminal cases, but found the statute unconstitutional when applied in such a manner as to curtail the court’s inherent power to assure the adequate representation of the criminally accused. 491 So.2d at 1112. The present proceeding however does not involve the prosecution of a criminal defendant. Rather, the proceeding is civil in nature and thus the Sixth Amendment Right to effective assistance of counsel is not implicated.
Makemson can be read, as appellee suggests, to hold that where the appointment of counsel for an indigent party is constitutionally required,[3] if the statute which provides for compensation of such counsel “is deemed to establish an absolute maximum in all situations, then it must be said to improperly infringe the prerogative of the court in effectuating the constitutional right” to counsel. Makemson, 491 So.2d at 1113 (quoting Rose v. Palm Beach County, 361 So.2d 135, 135 (Fla.1978)). But even if Makemson extends beyond the criminal arena, as appellee suggests, and assuming the right to counsel in this case, we find nothing extraordinary or unusual here to suggest that the statutory maximum fee is so insufficient as to make it impossible for the court to appoint competent counsel to represent the indigent mother. This appears to be a routine case involving temporary custody only. The unmarried mother brought the four year old child to HRS the day after she arrived in Florida, asserting that she was financially and emotionally unable to care for the child. The subsequent petition for adjudication of dependency was granted, and the child was placed in foster care with visitation privileges granted to the mother. A performance agreement was entered into and when the mother was able to put her life in order, the child was returned to her custody and the dependency proceedings were terminated. No permanent termination proceeding was ever initiated. Under these circumstances, without in any way demeaning or otherwise minimizing the services rendered by appointed counsel, the statutory maximum fee appears to be applicable here.
The order appealed from is reversed and the cause is remanded to the trial court for the entry of a fee which does not exceed the maximum established by section 39.415.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. The record does not reveal the legal basis for the appointment of counsel in this case. The County, however, does not raise that issue, and in fact, conceded at oral argument that counsel was entitled to a fee, but not in excess of the statutory maximum. We therefore do not address the question of entitlement to appointment of counsel. But see In the Interest of C.T., 503 So.2d 972 (Fla. 4th DCA 1987) (where appointment of counsel is not required in dependency proceedings, county is not responsible for payment of attorney's fees); In the Interest of N.W., 506 So.2d 80 (Fla. 1st DCA 1987) (state is responsible for payment of legal services only where the party receiving the services has a constitutional right to such services); State, Department of Health and Rehabilitative Services v. Johnson, 485 So.2d 880 (Fla. 2d DCA 1986) (absent specific statutory authorization, trial court is without authority to award attorney’s fees to party in juvenile dependency proceeding). We note, however, that the judgment awarding fees refers to Fishalow as a “special assistant public defender.” The Public Defender is not authorized by statute to represent an indigent parent in a civil dependency proceeding. See § 27.51, Fla.Stat. (1985). The constitutional right in dependency proceedings attaches only where the action may result in permanent termination of parental rights or where the proceedings may lead to criminal child abuse charges. See In the Interest of D.B. and D.S., 385 So.2d 83 (Fla.1980); In the Interest of C.L.C., 440 So.2d 647 (Fla. 5th DCA 1983). In the present case however, no permanent termination proceeding was ever initiated by HRS, nor are child abuse charges in any way involved.

. Section 39.415, Florida Statutes provides for the compensation of appointed counsel in juvenile dependency proceedings:
Appointed counsel; compensation. — If counsel is entitled to receive compensation for representation pursuant to court appointment in a dependency proceeding, such compensation shall not exceed $1,000 at the trial level and $2,500 at the appellate level.
§ 39.415, Fla.Stat. (1985).

. See, In the Interest of D.B. and D.S., 385 So.2d 83 (Fla.1980), f.n. 1, supra. Where permanent termination of parental rights is involved, the due process clause of the United States and the Florida Constitutions requires the appointment of counsel for indigent parents.