545 So.2d 910 (1989)
BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, petitioner,
v.
Charles H. SCRUGGS, III, Respondent.
No. 89-00284.
District Court of Appeal of Florida, Second District.
April 14, 1989.
*911 Anita K. Bing, Asst. County Atty., Tampa, for petitioner.
Charles H. Scruggs, III, pro se.
PER CURIAM.
In this petition for writ of certiorari, Hillsborough County seeks review of an order that awarded Scruggs $2,000 in attorney's fees for his services as court-appointed counsel in a dependency and termination of parental rights proceeding. The issues presented are (1) whether the supreme court's decision in Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), is applicable to the maximum fee limit provided in section 39.415, Florida Statutes (1987), and (2) if Makemson is applicable, whether the case which Scruggs defended was "extraordinary and unusual," as that term is defined in Makemson.
On July 23, 1987, the trial court appointed Scruggs to represent Naomi Lovett, an indigent mother, in a dependency proceeding. On April 6, 1988, the Department of Health and Rehabilitative Services (HRS) filed a petition that sought to terminate Lovett's parental rights and to permanently commit two of her children to the custody of HRS for subsequent adoption. The basis for HRS's petition was that Lovett willfully physically abused and neglected one of these children, and subjected both children to mental injury by physically abusing their sister in the children's presence, which abuse led to their sister's death. The trial court orally appointed Scruggs to represent Lovett in this additional proceeding. At the end of the case, which resulted in the permanent termination of Lovett's parental rights, Scruggs filed a motion for discharge as court-appointed counsel and for attorney's fees. After a hearing on the motion, the trial court awarded Scruggs an attorney's fee of $2,000, in excess of the $1,000 statutory maximum, because of the complexity, length, and seriousness of the case.
The county contends that the trial court departed from the essential requirements of law in awarding Scruggs an attorney's fee in excess of the $1,000 limit prescribed in section 39.415 because the supreme court's decision in Makemson is only applicable to criminal cases, and not to civil dependency cases. In Makemson the supreme court held that the maximum fee limits established by section 925.036(2), Florida Statutes (1981), although facially valid, were unconstitutional as applied to extraordinary and unusual cases in "such a manner as to curtail the court's inherent power to ensure the adequate representation of the criminally accused." 491 So.2d at 1112. The court concluded that in such cases the maximum fee limit established by the legislature "impermissibly encroach[ed] upon a sensitive area of judicial concern, and therefore violat[ed] article V, section 1, and article II, section 3 of the Florida Constitution." Id. The supreme court further stated that "more fundamentally," the statute as construed interfered with the sixth amendment right to counsel. Id.
The county argues that Makemson is not applicable to this case because Lovett's right to counsel in the dependency and *912 termination of parental rights proceeding is grounded upon due process considerations, rather than the sixth amendment. In In the Interest of D.B., 385 So.2d 83 (Fla. 1980), the supreme court held that "counsel is necessarily required under the due process clause of the United States and Florida Constitutions, in proceedings involving the permanent termination of parental rights to a child, or when the proceedings, because of their nature, may lead to criminal child abuse charges." Id. at 90. The court further held that the county must provide attorney's fees to counsel when appointment is constitutionally required. Id. at 92-93.
We can discern no meaningful distinction between the maximum fee limit imposed in section 39.415 and the maximum fee limit held to be unconstitutional in section 925.036(2). Although the right to counsel in criminal cases emanates from the sixth amendment, and in civil dependency and termination of parental rights proceedings, from due process considerations, counsel is required in each case because fundamental constitutional interests are at stake. See In the Interest of D.B., 385 So.2d at 90 (preserving the family unit and raising one's children are important and fundamental constitutionally protected interests); Makemson, 491 So.2d at 1113 (sixth amendment's guarantee of effective assistance of counsel is fundamental and important). Additionally, the maximum fee limit established in section 39.415 is a constitutionally impermissible legislative encroachment upon the judiciary's power of "ensuring adequate representation by competent counsel." Makemson, 491 So.2d at 1113. Accordingly, we hold, consistent with Makemson, that the statutory fee limit imposed by section 39.415 is unconstitutional as applied to extraordinary and unusual civil dependency proceedings where counsel is constitutionally required to be appointed.[1]Cf. Orange County v. Fishalow, 513 So.2d 1109 (Fla. 5th DCA 1987) (while Makemson could be read to apply to dependency proceedings where indigent has constitutional right to counsel, departure not required in any event under facts of that case which the court found to be a "routine case involving temporary custody only").
The county also argues that even if Makemson applies, the present case is not "extraordinary and unusual." In Makemson the supreme court held:
[I]t is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents.
Id. at 1115. More recently, the supreme court has explained that
the court may exercise its inherent power to depart from the statutory maximum `[w]hen legislatively-fixed attorney's fees become so out of line with reality that they materially impair the abilities of officers of the courts to fulfill their roles of defending the indigent and curtail the inherent powers of the courts to appoint attorneys to those roles.'
White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376, 1378 (Fla. 1989) (quoting White v. Board of County Commissioners of Pinellas County, 524 So.2d 428, 431 (Fla. 2d DCA 1988) (Lehan, J., dissenting)). The supreme court further stated that "the focus should be on the time expended by counsel and the impact upon the attorney's availability to serve other clients, not whether the case was factually complex." White, at 1380.
Applying these standards to the facts of the present case, we hold that the trial court did not depart from the essential *913 requirements of law in finding that this was an extraordinary and unusual case. The dependency and termination of rights proceedings spanned a year's time. Scruggs expended 50.3 hours representing the indigent mother who faced serious charges of child abuse and whose parental rights were ultimately terminated. To compensate Scruggs at the statutory maximum fee would result in an hourly rate of $20. Under the facts of this case, such a fee would be "out of line with reality" and would materially impair the court's inherent function to provide effective counsel, when constitutionally required, to the indigent.
Accordingly, we deny the petition for writ of certiorari.
DANAHY, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] While our holding is, under these facts, confined to section 39.415, which pertains to dependency cases, we note that section 39.474, Florida Statutes (1987), contains an identical fee limitation for court-appointed counsel in termination of parental rights proceedings. We further note that this matter initially began as a dependency case, but culminated in a termination of parental rights. Our decision is limited to section 39.415 because, with respect to the issue of attorney's fees, the trial court and the parties treated the two proceedings as integral, and fees were awarded pursuant to that section.