PER CURIAM.
In this petition for writ of certiorari, the county seeks review of an order which awarded respondent an attorney’s fee in excess of the maximum compensation for court-appointed counsel authorized by section 925.036(2)(b), Florida Statutes (1987). After a thorough review of the record and an analysis of the supreme court’s decisions in White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376 (Fla.1989), and Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), we hold that the trial court’s award did not depart from the essential requirements of law.
We write only to reject the county’s argument that the supreme court’s decisions in White and Makemson should be limited to capital cases. Although the supreme court commented in White that “virtually every capital case ... justifies the court’s inherent power to award attorney’s fees in excess of the current statutory fee cap,” 537 So.2d at 1380, there is nothing in either decision suggesting that courts may only depart from the statutory fee guidelines for court-appointed counsel in capital cases. The basis for the results reached in White and Makemson is the judiciary’s inherent power to ensure adequate representation for indigent criminal defendants by competent counsel, regardless of whether the defendant has been charged with a capital crime.
The petition for writ of certiorari is denied.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.