PER CURIAM.
Petitioner, Barry Weinstein, seeks relief from an order awarding him approximately fifty percent of the attorney’s fees he requested for his representation of an insolvent criminal defendant. We note first that a petition for certiorari is the appropriate method for seeking review of an order awarding counsel fees to a court appointed attorney in a criminal case. Beers v. Palm Beach County, 415 So.2d 846 (Fla. 4th DCA 1982).
Although the order under review makes reference to the fixed hourly rate for court-appointed counsel in the circuit, it does not include the court’s finding regarding the reasonable number of hours expended by Mr. Weinstein in his representation of the indigent defendant.[1] Such a finding is necessary in order to make the mathematical computation of the fees that is required by section 925.036, Florida Statutes (1989). Palm Beach County v. Butler, 524 So.2d 507 (Fla. 4th DCA 1988); Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980).
Therefore, we grant the petition, quash the trial court’s order, and remand so that the trial court may determine the amount *330 of hours petitioner reasonably expended in representing the indigent client. Further, while we recognize and are sympathetic to the court’s great concern over the escalating cost of private conflict representation, as this court stated in Beers, the cost of these services to the public is “not a proper factor to consider in setting the fee.” Beers, 415 So.2d at 848.
CERTIORARI GRANTED; ORDER UNDER REVIEW QUASHED; and REMANDED.
ANSTEAD, WARNER and POLEN, JJ., concur.

. The trial court stated, "The court believes all of the hours claimed were not reasonably necessary to afford Mr. Ashton constitutional representation.” This finding will not be disturbed on appeal, but the reviewing court must also be informed how many hours were reasonably necessary.