695 So.2d 823 (1997)
MONROE COUNTY, Petitioner,
v.
Manuel E. GARCIA, Respondent.
No. 96-2787.
District Court of Appeal of Florida, Third District.
June 11, 1997.
*824 Joseph H. Kelinson, Coconut Grove, for petitioner.
Jason R. Smith; Manuel E. Garcia, Key West, for respondent.
Before FLETCHER, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Monroe County challenges an order awarding court-appointed counsel, Manuel E. Garcia, attorney's fees in the amount of $21,347.50.[1] We grant certiorari, quash the order, and remand for further proceedings.
In October 1994, the trial court appointed Garcia, a private attorney, to represent indigent defendant Eric Hoffman in a sexual battery case which involved nine capital sexual battery counts as well as forty-seven life felony sexual battery counts. The information alleged that Hoffman sexually battered his step-daughter over a thirty-nine month period in several locations. Hoffman pled guilty to two life felonies and was sentenced to consecutive thirty-year sentences in June 1995. Subsequently, Garcia filed a motion for fees in excess of the $3000 statutory cap set forth in section 925.036(2)(c), Florida Statutes (1995). He asserted that he spent 289.45 hours representing Hoffman from October 1994 until March 1996.[2] At the hearing before Judge Miller,[3] Judge Fowler testified describing the progress of the case.[4] He had appointed Garcia and presided over the case from October 1994 until February 1996. The court took the fee matter under advisement. It subsequently entered an order finding that the requested fee amount was reasonable and awarded Garcia fees in excess of the statutory cap. The record does not contain findings as to the reasonableness of the expended hours or the unusual or extraordinary nature of the case.
We hold that it was within the court's authority to award attorney's fees in an amount exceeding the statutory maximum in a life felony case pursuant to the principles delineated in White v. Board of County Comm'rs of Pinellas County, 537 So.2d 1376 *825 (Fla.1989), and Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987).
Section 925.036 provides for the hourly rate and maximum compensation of court-appointed defense counsel in a criminal case. The statutory maximum compensation for representing a defendant charged with a life felony is $3000. § 925.036(2)(c), Fla. Stat. (1995). The maximum rate, however, is subject to exception. Finding that section 925.036 was directory rather than mandatory, in Makemson, 491 So.2d at 1115, the supreme court held that
it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents. More precise delineation, we believe, is not necessary.
(emphasis added). See Rose v. Palm Beach County, 361 So.2d 135, 137 (Fla.1978).
Subsequently, the court interpreted Makemson in White and stated that
[i]t must be remembered that an indigent defendant's right to competent and effective representation, not the attorney's right to reasonable compensation, gives rise to the necessity of exceeding the statutory fee cap. The relationship between an attorney's compensation and the quality of his or her representation cannot be ignored. It may be difficult for an attorney to disregard that he or she may not be reasonably compensated for the legal services provided due to the statutory fee limit. As a result, there is a risk that the attorney may spend fewer hours than required representing the defendant or may prematurely accept a negotiated plea that is not in the best interests of the defendant. A spectre is then raised that the defendant received less than the adequate, effective representation to which he or she is entitled, the very injustice appointed counsel was intended to remedy.

White, 537 So.2d at 1379-1380 (emphasis added). In reversing the Second District decision, the White court agreed with Judge Lehan's dissent stating:
The court may exercise its inherent power to depart from the statutory maximum "[w]hen legislatively-fixed attorney's fees become so out of line with reality that they materially impair the abilities of officers of the courts to fulfill their roles defending the indigent and curtail the inherent powers of the courts to appoint attorneys to those roles."
White, 537 So.2d at 1378(quoting White v. Board of County Com'rs for Pinellas County, 524 So.2d 428, 431 (Fla. 2d DCA 1988)(Lehan, J., dissenting)).
Makemson and White were capital cases; however, we reject the County's contention that the principles espoused therein are limited to capital cases. There is no reasonable basis for concluding that the trial court's authority to ensure the adequate representation of the indigent criminal accused may be limited to such cases. "The appointment of counsel in any setting would be meaningless without some assurance that counsel give effective representation." Remeta v. State, 559 So.2d 1132, 1135 (Fla.1990)(extending Makemson and White to executive clemency proceedings)(first emphasis added); In re Order on Prosecution of Criminal Appeals, 561 So.2d 1130, 1136 n. 6 (Fla.1990). Any other conclusion would render the statute unconstitutional. See White; Makemson. In so holding, we agree with the Second District that "[t]he basis for the results reached in White and Makemson is the judiciary's inherent power to ensure adequate representation for indigent criminal defendants by competent counsel, regardless of whether the defendant has been charged with a capital crime." Board of County Comm'rs of Hillsborough County v. Curry, 545 So.2d 930, 931 (Fla. 2d DCA 1989); Board of County Comm'rs of Hillsborough County v. Cunningham, 529 So.2d 724 (Fla. 2d DCA 1988). Cf. State v. Bellamy, 599 So.2d 751 (Fla. 4th DCA 1992)(order awarding fees in excess of statutory limit to court-appointed attorney in a non-capital case quashed because the record did not reflect *826 extraordinary circumstances or unusual representation). The trial court's authority to exceed the statutory maximum in a non-capital case is supported further by Metropolitan Dade County v. Faber, 564 So.2d 185 (Fla. 3d DCA), cause dismissed, 570 So.2d 1305 (Fla.1990),[5] in which this court applied Makemson and White to support a fee award in excess of the statutory maximum to a court-appointed attorney in a dependency and termination of parental rights proceeding. Accord Marion County v. Johnson, 586 So.2d 1163 (Fla. 5th DCA 1991); Board of County Comm'rs of Hillsborough County v. Scruggs, 545 So.2d 910 (Fla. 2d DCA 1989).
We hold that a fee award in excess of the statutory limit is permissible when necessary to ensure effective representation. However, we find that the trial court's order departs from the essential requirements of law. First, Garcia did not show that the number of hours spent on the case was reasonable. See Beers v. Palm Beach County, 415 So.2d 846 (Fla. 4th DCA 1982); Dade County v. Goldstein, 384 So.2d 183, 188 (Fla. 3d DCA 1980). Second, the court did not provide the hourly rate set in Monroe County for court-appointed defense counsel, see Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987); Goldstein, 384 So.2d at 189, or the requisite finding as to the hours reasonably expended by Garcia in representing Hoffman. See Weinstein v. Palm Beach County, 588 So.2d 329 (Fla. 4th DCA 1991); Goldstein, 384 So.2d at 189. Finally, the court made no finding that the case merited a fee award in excess of the statutory limit.[6] To support such a fee award, the record must show and the court must find that the case involves "extraordinary circumstances and unusual representation." Makemson, 491 So.2d at 1110. E.g., Hillsborough County v. Marchese, 519 So.2d 728 (Fla. 2d DCA), cause dismissed, 526 So.2d 75 (Fla.1988). In revisiting the fee award, the trial court shall comply with the supreme court's directives in Makemson and White.
Accordingly, we grant certiorari, quash the order under review, and remand for an evidentiary hearing.
FLETCHER, J., concurs.
SORONDO, Judge (concurring specially).
I wholeheartedly agree with the well-reasoned legal conclusions of the majority opinion. I write separately to express my view that under no circumstances is counsel in this case entitled to anything beyond the $3,000 cap established by the statute. Although the charges in this case are extremely serious, there is nothing about the case that makes it extraordinary. Counsel in this case took a total of only 13 depositions and his client ultimately pled guilty to reduced charges. The requested sum of $21,347.50 is clearly excessive.
NOTES
[1] Certiorari is the appropriate avenue for review of this order. See Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995); Weinstein v. Palm Beach County, 588 So.2d 329 (Fla. 4th DCA 1991); Zelman v. Metropolitan Dade County, 586 So.2d 1286 (Fla. 3d DCA 1991); Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987); Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980).
[2] The motion listed the date, description of the work done, and the time spent. The total hours expended include 38.10 hours in court and 251.35 hours out of court.
[3] Following recusal of Judge Fowler, Judge Miller was appointed successor judge.
[4] Judge Fowler did not testify as to the number of hours reasonably expended by Garcia. See Remeta v. State, 559 So.2d 1132, 1136 (Fla.1990).
[5] In Faber, the court stated that its decision was based on the reasoning and result of Board of County Comm'rs of Hillsborough County v. Scruggs, 545 So.2d 910 (Fla. 2d DCA 1989). The Scruggs court applied Makemson and White and held that the statutory fee limit is "unconstitutional as applied to extraordinary and unusual civil dependency proceedings where counsel is constitutionally required to be appointed." Scruggs, 545 So.2d at 912.
[6] Based on the record before us, the amount awarded would appear to be excessive.