842 So.2d 980 (2003)
Susan Hartmann SWARTZ, Petitioner,
v.
BOARD OF COUNTY COMMISSIONERS OF MANATEE COUNTY, Respondent.
No. 2D02-828.
District Court of Appeal of Florida, Second District.
April 11, 2003.
*981 Susan Hartmann Swartz, pro se.
Michael H. Rosen of Salem Saxon, P.A., Tampa, for Respondent.
SILBERMAN, Judge.
Susan Hartmann Swartz seeks certiorari review of the trial court's order awarding to her $7500 in legal fees for her representation of an indigent criminal defendant, instead of the higher amount that she had requested. Because the trial court's failure to make required findings in support of the award was a departure from the essential requirements of law, we grant the petition.
Swartz was appointed to represent Alberto Oliva on various charges. Section 925.036, Florida Statutes (2001), provides that compensation of appointed counsel shall be at an hourly rate fixed by the chief judge or senior judge of the circuit in which the representation is provided. The statute also contains a schedule of the maximum fees for compensation of appointed counsel. Pursuant to an administrative order of the twelfth judicial circuit, fees for appointed counsel are compensated at the rate of $60 per hour. The administrative order acknowledges that the statutory fee cap may be exceeded in exceptional circumstances.
During her representation of Oliva, Swartz became concerned as to the amount of time that she had expended in the case and whether she would be fully compensated for her work. She filed a motion for status conference as to attorney's fees and an alternative motion to withdraw. In the motion, Swartz requested permission to withdraw if there was to be any significant cut in the amount of fees for time already spent, or to be spent, on the case.
At a hearing, the trial court stated that it would use the $60 hourly rate provided for in the administrative order. The trial court reiterated that a statutory cap existed *982 and if the fees requested by Swartz exceeded the cap, the trial court would consider the reasonableness of the amount of Swartz's fees at the conclusion of the case. At this hearing, Swartz did not pursue her motion to withdraw from representation.
After the criminal case was resolved by a plea, Swartz requested compensation for fees of approximately $12,000 based on the total number of hours that she claimed to have expended in her representation and an hourly rate of $60. At a hearing, Swartz explained her time records and the work that she performed in the case. Counsel for the county objected to the request and challenged the reasonableness of certain of Swartz's time entries. At the conclusion of the hearing, the trial court stated that the statutory cap for representation was $3,000 but that the cap should be exceeded. It then awarded a total of $7,500 in fees to Swartz. Although the trial court indicated in the first hearing that it would use an hourly rate of $60, neither the order awarding fees nor the transcript of the fee hearing reflects the rate that was actually used, and the trial court made no findings as to the reasonable number of hours that Swartz expended in representing Oliva.
Swartz correctly notes that court-appointed counsel may challenge an order awarding attorney's fees by petition for writ of certiorari. Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 928 n. 3 (Fla.2002). The applicable standard of review is whether the trial court departed from the essential requirements of law. Id. In her petition, Swartz argues that the trial court departed from the essential requirements of law by not awarding to her the full amount that she had requested.
In awarding fees pursuant to section 925.036, Florida Statutes (2001), the trial court must make findings that appointed counsel reasonably expended a certain number of hours in representing the indigent client, and then, using the established hourly rate, it must compute the fee. Monroe County v. Garcia, 695 So.2d 823, 826 (Fla. 3d DCA 1997); Weinstein v. Palm Beach County, 588 So.2d 329 (Fla. 4th DCA 1991). Because the trial court's order and the record do not reflect the necessary findings, we grant the petition and remand with directions that the trial court make the necessary findings and recalculate the fee award consistent with this opinion.[1]
Petition granted and case remanded.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] This opinion should not be read as commenting in any manner on the merits of Swartz's claim that she should have been awarded additional attorney's fees.