862 So.2d 839 (2003)
Gaila M. ANDERSON, Petitioner,
v.
E.T., the Father of A.T., Broward County, Respondent.
No. 4D02-3419.
District Court of Appeal of Florida, Fourth District.
December 10, 2003.
Gaila M. Anderson, Fort Lauderdale, pro se.
*840 James D. Rowlee, Assistant County Attorney, Andrew J. Meyers, Chief Appellate Counsel, and Edward A. Dion, County Attorney, Fort Lauderdale, for respondent.
PER CURIAM.
Gaila Anderson filed a Motion for Additional Compensation, requesting $14,803 in attorney's fees for her representation of an indigent father in a termination of parental rights case. The trial court entered an order awarding Anderson $2800 on this motion. Anderson seeks review of this award.
In February 2001, the Department of Child and Family Services instituted proceedings to terminate the parental rights of E.T., the father. In April 2001, pursuant to sections 27.53 and 925.036 of the Florida Statutes, the trial court appointed the appellant, Gaila Anderson, to represent the father, who was indigent and serving time in prison.
Before the final judgment was entered in E.T.'s case, Anderson filed a Motion for Additional Compensation of Special Public Defender. Anderson attached an exhibit to this motion showing the time she spent on specific aspects of E.T.'s case. The trial court conducted a hearing on this motion on June 13, 2002. During the hearing, minor calculation corrections made by the Court Administrative Accountant to Anderson's bill were brought to the attention of the court. Anderson agreed that the amount she was seeking should be reduced from the $14,803 stated in her motion to $14,566. After the hearing, the trial court entered an Order for Compensation of Conflict Attorney Awarding Anderson $2800 in attorney's fees without the necessary findings.
Following the trial court's entry of this order, Anderson filed a Motion for Clarification of Order of Compensation, Motion for Rehearing, or Motion for Reconsideration. Anderson sought clarification as to whether the amount awarded by the court was meant to compensate her for the entire time she represented E.T. In the alternative, if the court had determined she was only entitled to $2800 for the entire time she represented E.T., Anderson was asking for a rehearing or reconsideration. In an order dated August 14, 2002, the trial court denied Anderson's motions, stating that the court had already tried this case and that the $2800 award covered all of the time Anderson spent representing E.T. The order also stated:
[t]he Court did find that an award of fees in excess of [the] $1,000 [statutory cap outlined in section 39.0134 of the Florida Statutes] was warranted. However, the Court did not find that the amount requested by counsel was warranted based either on "extraordinary and unusual case" or "time expended."
Anderson now seeks review.
"The proper vehicle for challenging an award of attorney's fees to court-appointed counsel" is a petition for writ of certiorari. Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 928 n. 3 (Fla.2002) (citations omitted); see also Bobbitt v. State, 726 So.2d 848, 851 (Fla. 5th DCA 1999) (where an appeal challenging an order awarding attorney's fees to court-appointed counsel was treated as a writ of certiorari) (citations omitted). The standard of review for a writ of certiorari is "whether the trial court ... departed from the essential requirements of law." Sheppard & White, P.A., 827 So.2d at 928 n. 3 (citation omitted).
Under section 925.036 of the Florida Statutes, attorneys appointed pursuant to section 27.53 of the Florida Statutes, like Anderson, are compensated at a fixed hourly rate. Anderson does not dispute the established rate of compensation, *841 and we do not discuss it. However, "[t]he trial court [was also required to] make findings that appointed counsel reasonably expended a certain number of hours in representing the indigent client, and then using the established hourly rate, it must compute the fee." Swartz v. Bd. of County Comm'rs of Manatee County, 842 So.2d 980, 982 (Fla. 2d DCA 2003) (citing Monroe County v. Garcia, 695 So.2d 823, 826 (Fla. 3d DCA 1997); Weinstein v. Palm Beach County, 588 So.2d 329 (Fla. 4th DCA 1991)). Here, the court did not make a finding as to the reasonable number of hours Anderson was being compensated for her representation of E.T. This finding was necessary to make the mathematical computation required under section 925.036 of the Florida Statutes. Weinstein, 588 So.2d at 329.
Furthermore, at the trial level, under section 39.0134(2) of the Florida Statutes, attorney's fees are capped at $1000 for appointed counsel in a termination of parental rights proceeding. In Makemson v. Martin County, the Florida Supreme Court found there were some circumstances that could justify an attorney's fee award in excess of a statutory limit. 491 So.2d 1109 (Fla.1986). Makemson involved an award of attorney's fees above the statutory cap for an attorney's representation of an indigent criminal defendant in a capital felony case. Id. at 1110-11. In Makemson, the court stated:
it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy[,] and talents.
Id. at 1115.
This exception has also been extended to cases that involve the compensation of a court-appointed attorney in a civil dependency proceeding. Bd. of County Comm'rs of Hillsborough County v. Scruggs, 545 So.2d 910, 912 (Fla. 2d DCA 1989). In Scruggs, a case which involved a dependency proceeding and a termination of parental rights, the court stated that the trial court's decision rested on an award of attorney's fees under the statute governing attorney's fees for a dependency proceeding and thus, its decision was limited to the statute. Id. at 912 n. 1. The court, however, noted that there is an identical statute that applies to attorneys who represent clients in termination of parental rights cases. Id. Since Scruggs, the two sections, which awarded attorney's fees for dependency cases and termination of parental rights cases, have been combined into section 39.0134 of the Florida Statutes. Counsel in termination of parental rights cases still have a statutory cap of $1000 at the trial level, just as the statute at issue in Scruggs. Furthermore, other cases appear to consider Scruggs as having extended Makemson to termination of parental rights cases. See Garcia, 695 So.2d at 826; Metro. Dade County v. Faber, 564 So.2d 185 (Fla. 3d DCA 1990). Thus, it follows that a court-appointed attorney in a termination of parental rights case may receive compensation above the statutory cap if his or her case is extraordinary or unusual under Makemson.
In White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376, 1380 (Fla.1989), another capital case, the Florida Supreme Court clarified that an unusual and extraordinary amount of time expended on a particular case could also justify an award of attorney's fees above the statutory cap. Applying White to termination of parental rights cases is a logical extension based on the explicit extension of Makemson in Scruggs to dependency proceedings, and *842 the implicit extension of Makemson in Scruggs to termination of parental rights cases. Thus, under Makemson and White, in order to justify an award of attorney's fees above the statutory limit, a court must find that the nature of the case was unusual or extraordinary in its own right or the time expended on the particular case made the case extraordinary. Here, the court did neither. Furthermore, in its order denying Anderson's Motion for Clarification of Order of Compensation, Motion for Rehearing, or Motion for Reconsideration, the trial court explicitly stated that it was not awarding the $2800, which is beyond the statutory cap of $1000, based on this case being an `extraordinary and unusual case' or based on the `time expended.' Thus, the trial court's specific findings are inconsistent with its award exceeding the $1000 statutory cap.
As the trial court did not make findings regarding the reasonable number of hours for which Anderson was receiving compensation, this Court cannot properly review this case. Accordingly, we grant Anderson's petition and remand for the court to recalculate the fee award. On remand, the trial court must make a finding as to the reasonable number of hours expended by Anderson on this case, and then, using the established rate, the trial court should compute the fee. Should the court decide an award greater than the statutory cap of $1000 is justified, the court should make the appropriate findings, discussed above, to support this award.
PETITION GRANTED.
GUNTHER, WARNER, and MAY, JJ., concur.