422 So.2d 994 (1982)
Larry K. KRUCKENBERG, Petitioner,
v.
Honorable Rom W. POWELL, Etc., Respondent.
No. 82-1160.
District Court of Appeal of Florida, Fifth District.
November 24, 1982.
*995 Ed Leinster, Orlando, for petitioner.
No appearance for respondent.
COWART, Judge.
Petitioner was charged in the Circuit Court of the Ninth Judicial Circuit with one felony and the case was assigned to Judge Kirkland (Subdivision 11). Petitioner was later charged in the same court with another felony and that case was assigned to Judge Baker (Subdivision 14). Later both cases were reassigned from the prior "subdivision" to Subdivision 15 by orders signed by Judge Powell as "administrative judge." Petitioner moved Judge Powell to reassign the cases "to the court in which they were originally assigned." That motion was denied. Petitioner seeks a writ of mandamus directing Judge Powell to reassign said cases, claiming that the reassignment of the cases was done at the request of the state attorney for the purpose of judge shopping, was done ex parte without notice to the petitioner and was contrary to local court rules which provide procedures for the random assignment of cases and for reassignment of cases in the event of disqualification of a judge and as to companion cases. Petitioner expressly claims that the respondent judge has a ministerial duty to reassign the cases, which duty is not subject to discretion.
The assignment and reassignment of specific court cases between or among the judges of a multi-judge court is a matter *996 within the internal government of that court and is directed and controlled by policy adopted by the judges of that court, either directly or by and through their chief judge. If such policy is in writing, it is properly documented by an administrative order or similar directive usually directed to the clerk of the court for ministerial implementation.
Where the court has jurisdiction, it is the court, and not the particular judges thereof, that has jurisdiction over a particular cause, controversy and the parties thereto. Every duly elected or appointed judge of a court has the bare power or authority to exercise all of the jurisdiction of that court. Administrative orders evidencing internal matters of self-government of the court do not limit the lawful authority of any judge of the court, nor do they bestow rights on litigants. In legal contemplation judges, like litigants, are all equal before the law. Subject only to substantive law relating to disqualification of judges, litigants have no right to have, or not have, any particular judge of a court hear their cause and no due process right to be heard before any assignment or reassignment of a particular case to a particular judge.
The assignment and reassignment of cases in a busy multi-judge court presents a continuous administrative problem resulting, not only from the disqualification of judges in particular cases and the need to conserve judicial labor by the consolidation of companion and other related cases, but also from many other complex causes, including the rotation of judges between divisions of the court, equalization and control of individual judge case loads, the temporary absence of judges or the temporary inability of judges to perform services, termination of the service of individual judges by death, retirement or otherwise, and other good reasons. Contrary to petitioner's assertion, in the administration of the internal matters of a court the judges thereof exercise an authority that goes far beyond the judicial discretion that judges exercise in the disposition of cases and controversies before the court. A litigant does not have standing to enforce internal court policy, which is a matter of judicial administration and the proper concern of the judges of the particular court and of the administrative supervision of the judicial system. We note that the order of reassignment in the case was signed by Judge Powell as "administrative judge" and we presume that he was acting under Florida Rule of Judicial Administration 2.050(b)(5), as the designee of the chief judge of the judicial circuit who has administrative supervisory authority over such matters under Judicial Administrative Rule 2.050(b)(5), and article V, section 2(d), Florida Constitution, and whose authority is subject to the administrative supervision of the chief justice of the supreme court who has such supervising authority under article V, section 2(b), Florida Constitution.
Accordingly, the writ of mandamus is
DENIED.
ORFINGER, C.J., and COBB, J., concur.