427 So.2d 249 (1983)
William C. ALLEN, II, Mariana Allen, Joanna Milliken Allen and Mary S. Allen, Petitioners,
v.
The Honorable Barbara BRIDGE, Circuit Court Judge of the 17TH Judicial Circuit in and for Broward County, Florida, Respondent.
No. 82-2529.
District Court of Appeal of Florida, Fourth District.
February 16, 1983.
*250 Oliver Addison Parker, Fort Lauderdale, for petitioners.
No response by respondent.
Arthur M. Wolff of Wolff & Gora, P.A., Fort Lauderdale, for Nancy F. Lundy.
E. Bruce Johnson of Fleming, O'Bryan & Fleming, Fort Lauderdale, for George H. Gore.
E. Hugh Chappel, Jr., Fort Lauderdale, for Richard F. Nelson.
WALDEN, Judge.
This is a petition for writ of mandamus or common law certiorari.
Petitioners are aggrieved because the circuit judge to whom their case was initially assigned transferred the assignment of the case to another circuit judge in the same circuit. It appears that the new judge had earlier handled a somewhat similar case. See Allen v. Gore, 387 So.2d 535 (Fla. 4th DCA 1980). Both cases (petitioner's present case and the earlier case adjudicated by the newly assigned judge) concern the procurement of a will in the Estate of Dorothy Milliken Allen.
We deny the petition upon the authority of Kruckenberg v. Honorable Rom W. Powell, 422 So.2d 994 (Fla. 5th DCA 1982), and specifically adopt this language therefrom,
The assignment and reassignment of specific court cases between or among the judges of a multi-judge court is a matter within the internal government of that court and is directed and controlled by policy adopted by the judges of that court, either directly or by and through their chief judge. If such policy is in writing, it is properly documented by an administrative order or similar directive usually directed to the clerk of the court for ministerial implementation.
Where the court has jurisdiction, it is the court, and not the particular judges thereof, that has jurisdiction over a particular cause, controversy and the parties thereto. Every duly elected or appointed judge of a court has the bare power or authority to exercise all of the jurisdiction of that court. Administrative orders evidencing internal matters of self-government of the court do not limit the lawful authority of any judge of the court, nor do they bestow rights on litigants. In legal contemplation judges, like litigants, are all equal before the law. Subject only to substantive law relating to disqualification of judges, litigants have no right to have, or not have, any particular judge of a court hear their *251 cause and no due process right to be heard before any assignment or reassignment of a particular case to a particular judge.
The assignment and reassignment of cases in a busy multi-judge court presents a continuous administrative problem resulting, not only from the disqualification of judges in particular cases and the need to conserve judicial labor by the consolidation of companion and other related cases, but also from many other complex causes, including the rotation of judges between divisions of the court, equalization and control of individual judge case loads, the temporary absence of judges or the temporary inability of judges to perform services, termination of the service of individual judges by death, retirement or otherwise, and other good reasons. Contrary to petitioner's assertion, in the administration of the internal matters of a court the judges thereof exercise an authority that goes far beyond the judicial discretion that judges exercise in the disposition of cases and controversies before the court. A litigant does not have standing to enforce internal court policy, which is a matter of judicial administration and the proper concern of the judges of the particular court and of the administrative supervision of the judicial system.
Because of the content of the petition expressing severe dissatisfaction with the new judge to whom the case has now been assigned, we record that our decision here shall be without prejudice to petitioners' right to seek disqualification under Florida Rule of Civil Procedure 1.432 and the appropriate statutes, if they are so advised. By this note we are not suggesting that such effort should be made. If made, we have no opinion as to the proper outcome.
Petition denied.
GLICKSTEIN and HURLEY, JJ., concur.