500 So.2d 118 (1986)
Nicholas G. SCHOMMER and James V. Lobozzo, Jr., Petitioners,
v.
The Honorable E. Randolph BENTLEY, Circuit Judge, in and for the Tenth Judicial Circuit of Florida and Board of County Commissioners of Highlands County, Florida, Respondents.
No. 68335.
Supreme Court of Florida.
December 24, 1986.
Nicholas G. Schommer and James V. Lobozzo, Jr., of Trombley, Lobozzo & Schommer, Sebring, for petitioners.
R.P. Dunty, Jr., Co. Atty. and Bert J. Harris, III, of Dunty and Harris, Lake Placid, for respondents.
Jim Smith, Atty. Gen., and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for amicus curiae Atty. Gen. of the State of Fla.
*119 Paul M. Rashkind, Chairman, Criminal Law Section Academy of Fla. Trial Lawyers, of Bailey, Gerstein, Rashkind and Dresnick, Miami, for amicus curiae Academy of Florida Trial Lawyers.
Robert A. Ginsberg, Dade Co. Atty., and Eric K. Gressman, Asst. Co. Atty., Miami, for amicus curiae Metropolitan Dade County.
BARKETT, Justice.
We have for review Schommer v. Bentley, 489 So.2d 40 (Fla. 2d DCA 1986), in which the district court certified four questions to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In September 1984, Nicholas Schommer was appointed as a special public defender to represent a defendant charged with murder. The court authorized Schommer to use other members of his firm as needed in representing the defendant. Schommer's partner, James Lobozzo, aided Schommer in the preparation and ensuing five-day trial of the defendant. After the trial, Schommer and Lobozzo filed motions for attorney's fees in excess of those allowed under section 925.036, Florida Statutes (1983). The trial judge acknowledged that the fees requested were reasonable under the circumstances, but believed he could not award more than the maximum allowed by section 925.036. The Second District affirmed the trial court's final order on attorney's fees, but certified the following questions:
I. WHERE A COURT ISSUES ONE ORDER UNDER SECTION 925.036, FLORIDA STATUTES (1983), WHICH AUTHORIZES MULTIPLE ATTORNEYS TO REPRESENT ONE DEFENDANT ON A SINGLE CHARGE, MAY EACH ATTORNEY BE AWARDED THE MAXIMUM COMPENSATION UNDER SECTION 925.036?
II. WHETHER SECTION 925.036, FLORIDA STATUTES IS UNCONSTITUTIONAL ON ITS FACE BECAUSE IT INTERFERES WITH THE INHERENT AUTHORITY OF THE COURT TO ENTER SUCH ORDERS WHICH ARE NECESSARY TO CARRY OUT ITS CONSTITUTIONAL AUTHORITY?
III. IF SECTION 925.036 IS CONSTITUTIONAL, MAY THE STATUTE BE HELD UNCONSTITUTIONAL AS APPLIED TO EXCEPTIONAL CIRCUMSTANCES; OR, IN THE ALTERNATIVE, DOES A TRIAL COURT HAVE THE INHERENT AUTHORITY TO AWARD A GREATER FEE FOR TRIAL AND APPEAL THAN THE STATUTORY MAXIMUM IN AN EXTRAORDINARY CASE?
IV. IF THE TRIAL COURT DOES HAVE THE AUTHORITY TO AWARD A GREATER FEE THAN THE STATUTORY MAXIMUM IN EXCEPTIONAL CIRCUMSTANCES, SHOULD THE TRIAL COURT HAVE AWARDED THE REQUESTED AMOUNT IN THIS CASE?
489 So.2d at 42.
Since the Second District's decision in the instant case, we have decided Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986). In that case, we expressly answered questions II and III. We explained:
Although facially valid, we find the statute unconstitutional when applied in such a manner as to curtail the court's inherent power to ensure the adequate representation of the criminally accused. At that point, the statute loses its usefulness as a guide to trial judges in calculating compensation and becomes an oppressive limitation. As so interpreted, therefore, the statute impermissibly encroaches upon a sensitive area of judicial concern, and therefore violates article V, section 1, and article II, section 3 of the Florida Constitution.
... .
[W]e hold that it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by *120 defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents. More precise delineation, we believe, is not necessary. Trial and appellate judges, well aware of the complexity of a given case and the attorney's effectiveness therein, know best those instances in which justice requires departure from the statutory guidelines.
Id. at 1112, 1115.
In light of our decision in Makemson, which we find applicable to the multiple lawyer issue presented here, we can only respond to the first question posed by the district court in a qualified way. If a trial court finds that multiple attorneys are necessary in a particular case for effective representation under the parameters of Makemson, the answer to the question is in the affirmative and the attorneys should be appropriately compensated. Absent the criteria established in Makemson, the answer to the question is in the negative.
We decline to answer the fourth question as the trial court should have the opportunity to assess the award in light of this opinion. The trial judge is most familiar with the complexity of the work involved, and is therefore in the best position to decide whether justice requires departure from the statutory guidelines in a given case.
Accordingly, we quash the decision below with directions to the district court to remand this case to the trial court for determination of a reasonable fee in accordance with the dictates of Makemson.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.