567 So.2d 1059 (1990)
BREVARD COUNTY, Florida, Petitioner,
v.
Greg EISENMENGER, Respondent.
No. 90-986.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
*1060 Shannon L. Wilson, Asst. County Atty., Merritt Island, for petitioner.
James Kontos of Ciener & Eisenmenger, Merritt Island, for respondent.
GRIFFIN, Judge.
Brevard County seeks certiorari review of a circuit court order awarding attorneys fees in the amount of $10,300 to respondent, attorney Greg Eisenmenger, for services provided by respondent as a court-appointed special public defender representing a defendant who had been charged in two separate cases with first degree murder and possession of cocaine.
The county has raised several issues, two of which we believe merit discussion. First of all, the county contends that because Eisenmenger was appointed in both cases, and completed his representation in the murder case, prior to October 24, 1989, the hourly rate of $50.00 authorized by Administrative Order 79-3-CR, which was in effect during that time, is controlling. On October 24, 1989, however, the current Administrative Order of the Chief Judge of the 18th Judicial Circuit [AD 89-69] became effective. AD 89-69, provides:
1. The hourly rate for attorneys appointed pursuant to F.S. 27.53 or F.S. 925.035 shall be not less than $60 per hour nor more than $150 per hour depending upon the complexity of the case, the type of service rendered, any extraordinary or unusual circumstances, and the impact upon the attorney's availability to serve other clients. This rate does not reflect the fees a competent counsel customarily receives in private practice. However, the acceptance of appointments in these cases carries with it a contribution to public service in the highest tradition of the legal profession. The amount of a fee for services rendered shall not exceed the maximum authorized by F.S. 925.036 unless authorized by law.
* * * * * *
4. This Order shall be effective immediately and shall apply to all cases pending wherein fees for services rendered have not been determined and to all future cases until this Order is amended, canceled or superceded. (emphasis added)
Although the use of the word "pending" in paragraph 4 creates some ambiguity, it appears that it was the intention of the Chief Judge to apply the new hourly rate schedule to any case where fees for services *1061 rendered had not yet been determined. The county argues variously that there was an implied contract for services at the $50.00 rate contained in the superceded Administrative Order, or the court and Mr. Eisenmenger are "estopped" from arguing that the higher hourly rate is allowable. The county has offered no reason why paragraph 4 is not valid according to its terms, and we conclude that the Chief Judge could order the new rate be applied to all cases where fees had yet to be determined.
The county's other argument is that the portion of Administrative Order 89-69 that sets a range of fees rather than a single specific hourly rate is invalid because section 925.036(1), Florida Statutes (1987), provides that:
(1) An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit... . (emphasis added)
The county's argument is that this language reflects legislative intent "to provide a fiscal mechanism by which the courts could provide compensation to appointed counsel yet provide some mechanism which a county could utilize in providing some certainty for budgeting for this cost." In the first place, such a legislative intent is obscure at best, especially since attorneys fees for conflict representation would seem to be a very difficult thing to predict with any degree of certainty. Moreover, AD 89-69 establishes a cap that alerts the county to its outside exposure for payment of an hourly rate. We do not agree that the negative effect on budgeting through use of a rate range outweighs the benefit of flexibility needed by the court to make appropriate awards of fees to lawyers with markedly disparate experience and ability. Also, we disagree with the county's argument that "$60-$150 per hour" cannot be "an hourly rate." In common usage, $60-$150 per hour would more commonly be called a "a rate" rather than ninety rates. We decline to conclude it is more logical that the legislature intended to require the Chief Judge to fix a single rate which, if set at $150.00 per hour, would cost the county considerably more money than the range actually established and be less accurate in compensating appointed counsel for legal services. We conclude that a sliding scale rate is as consistent with legislative intent as a single rate would be.
Although not raised by the county, we do, however, have some problem with the way in which these fees were presented to the trial court. To begin with, the fees for both cases were presented in a single application, even though fees were for representation in two separate, and apparently completely different, cases. The first degree murder case is not subject to the statutory cap contained in section 925.036(2)(d), Florida Statutes, but we do not see why the cap contained in section 925.036(2)(a), Florida Statutes, would not govern the fees for representation in the drug case. Because a joint application was made, however, it is impossible to tell how many hours were applied to each case.
Additionally, we note that the fee application is done in a format that summarizes the work performed, i.e., "review of discovery: 20 hours;" "research: 18 hours;" "trial outline, pretrial motions, trial preparation: 25 hours." It may not be customary between attorneys and private clients in criminal cases to utilize itemized descriptions in billing for services rendered; however, when the county is faced with the obligation to pay such large sums of money based on substantial hourly rates, better documentation of how the county's money is being used should be required. Standard itemized billing by date, description of each service rendered, and time increments for each service provided in each case is appropriate. Absent better documentation of services rendered, in future cases we would be hard pressed to discount an argument made by the county that the record does not support the fees awarded.
WRIT DENIED.
SHARP, W. and COWART, JJ., concur.