PETERSON, Judge.
Brevard County seeks certiorari review of a circuit court order awarding attorney’s fees. The court awarded fees to Dwight M. Wells for his court-appointed representation in a first-degree murder case. We deny the petition.
Mr. Wells represented his client to the point of a mistrial and, while awaiting the new trial date, petitioned for compensation and costs reimbursement for the services previously rendered. He presented a schedule of services showing that he had devoted 106.5 hours to the case. The schedule showed the date and increments of time spent on the described services rendered. The county concedes that sufficient unusual circumstances exist to justify exceeding the $3,500 cap prescribed by section 925.036(2)(d), Florida Statutes (1987). The order awarding $9,585 to Mr. Wells was entered by the circuit court on January 24, 1990, without a hearing or stipulation.[1] When Mr. Wells did not receive payment, he petitioned to compel payment, and on April 26, 1990, the circuit court ordered the county to pay the amount authorized by the January 24, 1990, order.
The petitioner and the issues in the instant case are the same as those in Brevard County v. Eisenmenger, 567 So.2d 1059 (Fla. 5th DCA 1990). This case is less complex than Eisenmenger in that Wells defended only one criminal charge rather than two and in that Wells properly submitted itemized descriptions of his services. The lack of itemization was criticized in the Eisenmenger opinion.
Our denial is based upon the precedent established in Eisenmenger. We would draw attention to the fact that the range of rates from $60 to $150 per hour was not used as a tool for overreaching by either Mr. Wells or the trial court since the $90 per hour awarded is closer to the lower end of the allowable range.
Petition DENIED.
W. SHARP, and GRIFFIN, JJ., concur.

. The county does not complain about the lack of a contested trial on the determination of the amount of fees.