614 So.2d 1207 (1993)
M. James JENKINS, Petitioner,
v.
ESCAMBIA COUNTY, Florida, a political subdivision of the State of Florida, Respondent.
No. 92-616.
District Court of Appeal of Florida, First District.
March 10, 1993.
M. James Jenkins, pro se.
William P. Buztrey, County Atty., Pensacola, for respondent.
PER CURIAM.
Jenkins, the court-appointed attorney for a defendant charged with first degree murder and four other offenses, appeals an order awarding him a fee for his services. The proper vehicle for challenging an order awarding attorney's fees to court-appointed counsel is a petition for certiorari, Russell v. County of Escambia, 570 So.2d 991 (Fla. 1st DCA 1990), and thus this appeal will be treated as a petition for certiorari. The petition is granted.
Counsel expended approximately 210 hours representing the defendant in this case. The county did not contest the reasonableness of the time spent. Counsel introduced expert evidence from other attorneys that $8,943.60 was a reasonable fee for his services in representing the defendant. Nevertheless, the trial judge cut Jenkins' out-of-court hours from approximately 180 to 80 hours and awarded him a fee of $4,735.60. No evidence was introduced which supported this cut. Apparently it was made because the trial court felt that private counsel representing a codefendant in this criminal episode caused Jenkins to bear a disproportionate share of the defense representation, and that the county should not be saddled with having to bear a greater financial burden because private counsel elected to be less involved than Jenkins. This attempted justification advanced by the trial judge has no foundation in fact or law since it is obvious, as even the County's brief correctly recognizes, that whether or not co-counsel effectively participated in the representation of his client, the extensive pretrial preparation by petitioner would still have to be done on behalf of his own client. That the court was satisfied with Jenkins' representation is evident by the court's concluding remarks to him:
The court expresses its sincere gratitude to you for the very able job you did on Mr. Johnson's [the defendant] behalf. I know that's not going to make up the extra two or three thousand dollars that you have been deprived of, but I do appreciate your efforts and commend you.
The net effect of the trial court's order was to compensate counsel at the rate of $22.27 per hour for his able representation.
The trial court's order is quashed and the case is remanded for a determination of a reasonable fee within the parameters outlined in White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376 (Fla. 1989), and Makemson v. Martin County, 491 So.2d 1109 (Fla. 1989), cert. denied, Martin County, Florida v. Makemson, *1208 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987).
PETITION GRANTED.
ERVIN, SMITH and BARFIELD, JJ., concur.