PER CURIAM.
The chief judge of the Seventeenth Judicial Circuit for Broward County issued an administrative order providing for a one-time automatic continuance of a traffic or misdemean- or case upon the payment of a $25 reset fee. Broward County enacted an ordinance which implemented the chief judge’s administrative order. Appellee filed a class action suit challenging the validity of the order and ordinance. The trial court certified the class as all individuals or entities who paid the $25 reset fee since June 1, 1992, the date the order became effective. After a nonjury trial, the trial court declared the administrative order and the county ordinance invalid. We affirm.
We disagree "with appellant’s contention that the reset fee is a voluntary expense that a defendant may forgo by seeking a continuance upon an appropriate motion. The administrative order does not contain an express provision for a continuance by the court without payment of the fee. It does, however, provide that:
A defendant shall be entitled to one reset; thereafter, no resets shall be given without a written request to the Court; an Order issued by the Judge; payment of the reset fee and any and all other applicable fees,
(emphasis added).
We agree with the trial judge’s well-reasoned order and more specifically that part of the order set forth hereinafter:
1. This court has jurisdiction over the parties and subject matter of this cause of action. State of Florida ex rel. Department of Health and Rehabilitative Services v. Honorable John J. Upchurch, 394 So.2d 577 (5 DCA 1981); Blalock by First Union National Bank v. Pena, 569 So.2d 778 (1 DCA, 1990); Payret v. Adams, 471 So.2d 218 (4 DCA, 1985).
[[Image here]]
6. There is no constitutional or statutory authority for the imposition, collection or retention of the $25.00 reset fee which the plaintiff and the class members have paid....
7. The defendant contends that the Chief Judge had the authority to enter administrative order number VI-92-H-1 pursuant to Rule 2.050(2) and 2.050(3) of the Florida Rules of Judicial Administration.
Whether or not the Chief Judge has the authority under the above mentioned rules to authorize the clerk of the county court to grant continuances of arraignments and trials in the traffic and misdemeanor divisions of the county court upon request by defendants is not an issue in this case. The issue here is whether the Chief Judge or the Bro-ward County Commission has the authority to charge defendants a $25.00 fee for the granting of such a continuance.
8. The Florida Legislature has enacted statutes which authorize the imposition of costs against a defendant after an adjudi *154 cation of guilt or pursuant to § 318.14(10), F.S. where adjudication of guilt has been withheld. For example Rule 3.986 of the Florida Rules of Criminal Procedure provides for the assessment of various charges, costs and fees against a defendant and specifically refers to the statutes authorizing those charges. See also: Brown v. State, 506 So.2d 1068 [2 DCA 1987]; Sutton v. State, 635 So.2d 1032 [2 DCA 1994],
9. This court finds that neither the Chief Judge nor the Broward County Commission has the authority to impose a $25.00 reset fee for the granting of continuances in the misdemeanor and traffic divisions of the Broward County Court. This court therefore finds and declares that Administrative Order Number VI-92-H-1 and Broward County Ordinance 93-41 in so far as they impose a $25.00 reset fee for granting continuances of arraignments and trials in the traffic and misdemeanor divisions of the Broward County Court are unauthorized and therefore void. The reset fees collected since June 1, 1992 belong to the plaintiff and the class members she represents and must be refunded.
Accordingly, we hold that the trial court correctly concluded that the reset fee is without the necessary statutory authorization. See Warren v. Capuano, 269 So.2d 380 (Fla. 4th DCA 1972), aff'd, 282 So.2d 873 (Fla.1973); see also Morejon v. State, 658 So.2d 614 (Fla. 2d DCA 1995); Aud, II v. State, 657 So.2d 52 (Fla. 2d DCA 1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We also hold that the trial court did not err when it denied appellant’s motion to dismiss for failure to join the chief judge of the Seventeenth Judicial Circuit as an indispensable party.
AFFIRMED.
DELL, POLEN and-SHAHOOD, JJ., concur.