679 So.2d 297 (1996)
ORANGE COUNTY, etc., Appellant,
v.
Francisco CORCHADO, Appellee.
No. 95-1957.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
Rehearing Denied September 20, 1996.
*298 George L. Dorsett, Assistant County Attorney, Orange County Attorney's Office, Orlando, for Appellant.
F. Wesley Blankner, Jr. of Jaeger and Blankner, Orlando, for Appellee.
GOSHORN, Judge.
Orange County appeals the trial court's nonfinal[1] order that appoints Jeffrey Deen as co-counsel to assist in representing Francisco Corchado in a first degree murder case and requires Orange County to pay Deen for his services.[2] Among other things, Orange County asserts that the trial court erred in (1) ordering it to compensate Deen; and (2) declaring that appointment is required on a per se basis in all capital cases. For the reasons discussed below, we affirm in part, reverse in part, and remand for an evidentiary hearing.[3]
Corchado is the defendant in a first degree murder and armed robbery trial being held in Orange County, Florida. Originally, there were two other defendants being tried with Corchado, Alex Pagen and Antonio Alamo Clemente. Pagen obtained private counsel and is no longer in the case. Clemente was appointed a public defender and thereafter, sought additional, bilingual counsel because Clemente did not speak English and his inability to communicate with his initially appointed attorney hindered the attorney's ability to represent him efficiently.[4]
The trial court appointed Wesley Blankner *299 to represent Corchado.[5] Blankner sought and was awarded a continuance because the State of Florida was seeking the death penalty, and additional discovery was required. Thereafter, Blankner filed a motion to appoint co-counsel, stating that he had discussed the matter with Deen, who was representing Corchado in other pending actions, and that Deen was willing to serve. Blankner also noted that Deen's knowledge of Corchado would assist him in obtaining the best possible defense for Corchado in the death penalty case and that it was not unusual for courts to appoint additional counsel in capital cases. That same day, the trial court entered an order appointing Deen as co-counsel to assist Blankner in representing Corchado. The order also stated that Orange County would be required to pay Deen at the standard rate for court-appointed counsel.
Apparently unaware that the trial court had ruled, Orange County filed a response in opposition to Corchado's motion to appoint co-counsel. At a hearing set by the trial court to consider Orange County's response, the court held that it would require Orange County to pay for both counsel if, following the case, Deen and Blankner submitted a fair and adequate bill. The court minutes created after the hearing state that the trial court's previous order appointing Deen would remain in effect. This appeal followed.
Subsection 925.035(1), Florida Statutes (1995) permits trial courts to appoint a public defender for indigent criminal defendants in capital cases. It further provides:
If the public defender appointed to represent two or more defendants found to be insolvent determines that neither he nor his staff can counsel all of the accused without conflict of interest, it shall be his duty to move the court to appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender in his capacity as such or in his private practice, to represent the accused. The attorney shall be allowed compensation, as provided for in s. 925.036 for representing a defendant.
§ 925.035(1), Fla. Stat. (1995). Likewise, subsection 27.53(3), Florida Statutes (1995) states:
(3) If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, it shall be the public defender's duty to move the court to appoint other counsel. The court may appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, in his or her capacity as such, or in his or her private practice, to represent those accused....
(Emphasis supplied).
Section 925.036 provides the method by which the court may compensate a private attorney who is appointed under sections 925.035 or 27.53. It states in relevant part:
(1) An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the maximum fee limits established by this section....
(2) The compensation for representation shall not exceed the following:
* * * * * *
(d) For capital cases represented at the trial level: $3,500.
§ 925.036, Fla. Stat. (1995).
While the Florida Supreme Court has refused to declare section 925.036 unconstitutional on its face, it has held that "statutory maximum fees, as inflexibly imposed in cases *300 involving unusual or extraordinary circumstances, interfere with the defendant's sixth amendment right `to have the assistance of counsel for his defense.'" Makemson v. Martin County, 491 So.2d 1109, 1112 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987). In Makemson, private counsel was appointed pursuant to section 925.036, Florida Statutes (1981), to represent an indigent defendant in a capital murder trial. The case had received substantial pretrial publicity and was moved to Lake County, approximately 150 miles from the attorney's home. Following the trial, the attorney requested compensation from Martin County for 248.3 hours spent working on the case. Although an expert testified that the minimum value of the attorney's services was $25,000, the attorney requested and received $9,500, $6,000 above the statutory maximum. The trial court also awarded $4,500 to compensate the attorney for his services during the defendant's appeal, although the statute provided for only $2,000 to be awarded "at the conclusion of the representation." Id. at 1111 (citing § 925.036(1), Fla. Stat. (1985)). The trial court further held that the maximum fee statute was unconstitutional because it was "an impermissible legislative intrusion upon an inherent judicial function." Id. The Fourth District quashed the trial court's declaration of unconstitutionality but certified four questions to the Florida Supreme Court. Id. at 1112.[6] The supreme court exercised its inherent power and interpreted the statute as directory, rather than mandatory, and awarded attorney's fees in excess of the $3,500 cap because it found that "the facts were sufficiently `extraordinary' to warrant" it. Id. at 1113.
In the present case, Orange County makes a distinction between the appointment of counsel and the requirement that Orange County compensate the attorney appointed. It suggests that, although additional private counsel may be appointed when the circumstances so warrant, the law does not authorize the court to require Florida counties to pay that attorney. To support its argument, Orange County cites Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980). In Goldstein, the defendant was charged with first degree murder, robbery with a deadly weapon, sexual battery, and burglary. The trial court appointed Stanley Goldstein ("Goldstein") to represent the defendant following the public defender's motion pursuant to subsection 27.53(3), Florida Statutes (1979). Thereafter, pursuant to Goldstein's request, the trial court appointed Thomas Sherman ("Sherman") to act as co-counsel for the defendant because of the complexity of the case. After a jury found the defendant guilty, Goldstein and Sherman filed motions for counsel fees, along with affidavits enumerating their hours spent on the case. The trial court awarded each attorney $8,500 to be paid by Dade County. Id. at 187. The Third District reversed on appeal, stating:
[Subs]ection 27.53(3), Florida Statutes (1979) ... contemplates the appointment of only one attorney to represent one indigent defendant for which a fee may later be awarded to the said attorney. As Mr. Goldstein was the lead counsel in the instant case, only he may be compensated by the trial court. Although the trial court clearly had the inherent authority to appoint Mr. Sherman as co-counsel for the defendant in this cause, it had neither the statutory authority, nor the inherent authority apart from any statute, to provide *301 compensation for Mr. Sherman in the cause.
Id. at 189 (citations omitted).[7]
Orange County contends that Goldstein precluded the trial court in the present case from ordering it to compensate Deen. We disagree with Goldstein on the basis that its holding is not only inherently unfair to those practitioners who are appointed, but it denies effective representation to indigent defendants. As the Makemson court noted, the "link between compensation and the quality of representation remains too clear." Makemson, 491 So.2d at 1114. It further recognized:
No citizen can be expected to perform civilian services for the government when to do so is clearly confiscatory of his time, energy and skills, his public service is inadequately compensated, and his industry is unrewarded.... [G]ood public conscience [does not approve] such shoddy, tawdry treatment of an attorney called upon by the court to represent an indigent defendant in a capital case.
Id. (citing MacKenzie v. Hillsborough County, 288 So.2d 200, 202 (Fla.1973) (Ervin, J., dissenting)). The supreme court reiterated this point more recently in Remeta v. State, 559 So.2d 1132 (Fla.1990):
Trial courts must have the authority to fairly compensate court-appointed counsel. It is the only way to ensure effective representation and give effect to the right to counsel in ... death penalty clemency proceedings.
Id. at 1135. See also Schommer v. Bentley, 500 So.2d 118, 120 (Fla.1986) (stating that "[i]f a trial court finds multiple attorneys are necessary in a particular case for effective representation under the parameters of Makemson, ... the attorneys should be appropriately compensated."). If this court were to accept Orange County's argument, the rule announced in Makemson would collapse because many attorneys would be unable or unwilling to work on a pro bono basis. In essence, the purpose behind relaxing section 925.035 would be defeated, and the supreme court's efforts to better ensure effective representation in complex death penalty cases would be lost. Accordingly, we find that, under the appropriate circumstances, trial courts are permitted to appoint an additional attorney in capital cases and counties are required to compensate those attorneys for their services.
In summary, it was within the trial court's discretion to appoint two attorneys to represent Corchado if the circumstances warranted the additional appointment. See Makemson, supra. Furthermore, the Schommer case, which was decided after Goldstein, indicates that Orange County would be required to compensate the additional attorney. See Schommer, 500 So.2d at 120. As such, it appears that the Florida Supreme Court has impliedly overruled Goldstein.
In the present case, however, the trial court did not make a determination, pursuant to Makemson and Schommer, that this case was "extraordinary and unusual" such that additional counsel was necessary. Rather, the court indicated that all death penalty cases, by their very nature, are so unusual as to require additional counsel. This pronouncement was error. See Ferrell v. State, 653 So.2d 367, 370 (Fla.1995) (declining to adopt a rule that would require the appointment of two attorneys in all capital cases); Lowe v. State, 650 So.2d 969, 975 n. 3 (Fla.1994) (noting that while trial judges may appoint two attorneys in capital cases under appropriate circumstances, dual representation is not mandated in every situation), cert. denied, ___ U.S. ___, 116 S.Ct. 230, 133 L.Ed.2d 159 (1995).[8] While it is possible that additional counsel may be warranted, there is *302 little in the record before this court to indicate whether such an appointment was justified. The only evidence regarding the substance of Corchado's case is that he was charged with first degree murder and armed robbery, that two co-defendants were also charged, and that Corchado has other actions pending in the Ninth Circuit with which Deen is familiar. In addition, the record demonstrates that Blankner was experienced in handling death penalty cases, and thus, it is likely he might perform adequately without additional assistance. These facts do not indicate that the case is of such a complex nature or that Blankner was so inexperienced as to require additional counsel. See Armstrong v. State, 642 So.2d 730, 737 (Fla. 1994) (noting that the "[a]ppointment of multiple counsel to represent an indigent defendant is ... based on a determination of the complexity of a given case and the attorney's effectiveness therein.") (citing Makemson). Accordingly, because the trial court erred in appointing co-counsel without examining the specific need in this case, we reverse and remand for an evidentiary hearing on the issue with directions to follow the dictates of Makemson.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and ANTOON, JJ., concur.
NOTES
[1] The order is not final because there remains activity to be accomplished in the case. See Port Everglades Auth. v. International Longshoremen's Ass'n, Local 1922-1, 652 So.2d 1169, 1172 (Fla. 4th DCA 1995) (stating that "[t]he test employed to determine the finality of an order is `whether the order in question constitutes an end to the judicial labor in the cause and nothing remains to be done to effectuate a termination of the cause as between the parties directly affected.'") (quoting S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974)); see also McGurn v. Scott, 596 So.2d 1042 (Fla.1992).
[2] A question has arisen as to this court's jurisdiction to entertain Orange County's appeal. We find that the trial court's order is appealable by writ of certiorari. Cf. White v. Board of County Comm'rs For Pinellas County, 524 So.2d 428 (Fla. 2d DCA 1988), quashed on other grounds, 537 So.2d 1376 (Fla.1989); Schommer v. Bentley, 489 So.2d 40, 41 (Fla. 2d DCA) (stating that "[t]he proper procedure for challenging an order awarding attorney's fees to court appointed counsel is by petition for certiorari, not appeal"), quashed on other grounds, 500 So.2d 118 (Fla. 1986).
[3] We find Orange County's remaining issues meritless.
[4] Orange County did not seek review of trial court's order appointing additional counsel for Clemente.
[5] Although the record does not disclose under which statute Blankner was appointed to represent Corchado, it is likely that he was appointed pursuant to sections 925.035 or 27.53, Florida Statutes (1995), which permit the public defender to move for the appointment of private counsel when the public defender has a conflict of interest.
[6] The Fourth District asked:

I. [Is the statute] unconstitutional on its face as an interference with the inherent authority of the court to enter such orders as are necessary to carry out its constitutional authority?
II. If the answer to the first question is negative, could the statute be held unconstitutional as applied to exceptional circumstances or does the trial court have the inherent authority, in the alternative, to award a greater fee for trial and appeal than the statutory maximum in the extraordinary case?
III. If the answer to the second question is affirmative, should the trial court have awarded an attorney's fee above the statutory maximum for proceedings at the trial level, given the facts presented to it by trial counsel by his petition and testimony?
IV. If the answer to the second question is affirmative, should the trial court have awarded an attorney's fee above the statutory maximum for proceedings at the appellate level before the services were rendered and with the facts known to it at the time of the award?
Makemson, 491 So.2d at 1112.
[7] The court also found the $8,500 award excessive because it surpassed the statutory fee cap. Id. at 190.
[8] We note that the American Bar Association espouses the view that two attorneys should be appointed in all capital cases. See ABA STANDARDS FOR CRIMINAL JUSTICE, Providing Defense Services, Standard 5-1.6 (3d ed. 1992) ("In capital cases two qualified trial attorneys should be assigned to represent the defendant."); ABA GUIDELINES FOR THE APPOINTMENT & PERFORMANCE OF COUNSEL IN CAPITAL CASES, Guideline 2.1 (3d ed. 1989) ("In cases where the death penalty is sought, two qualified trial attorneys should be assigned to represent the defendant.").