MINER, Judge.
Timothy Warner and William Warner petition for certiorari review of an order awarding and denying attorney’s fees to court-appointed counsel. See Jenkins v. Escambia County, 614 So.2d 1207 (Fla. 1st DCA 1993)(“The proper vehicle for challenging an order awarding attorney’s fees to court-appointed counsel is a petition for certiorari.”). Finding merit in petitioner’s arguments, we grant the petition.[1]
*613 The trial judge originally assigned to this case appointed petitioner Timothy Warner as conflict counsel to represent one of two defendants in a capital case. Shortly thereafter, the court on its own motion appointed William Warner to be co-counsel based on the court’s finding that co-representation was necessary due to the nature and complexity of the ease. Subsequently, the appointing judge recused himself from the case, and another judge was assigned, who presided over the trial and sentencing.
Following the conclusion of their representation, petitioners filed motions for attorney’s fees and costs for the period of time from January 17, 1997 through September 17, 1997.[2] Through its attorney, Holmes County objected to the fees on several grounds. First, the County argued that it should not have to pay for 63 hours of the time billed by the attorneys on the ground of duplication of effort. Second, the County took exception to the hourly rate requested by petitioners and stated that under the applicable Holmes County rate orders, work performed prior to February 1, 1997, should be billed at $60/ hour for in-court work and $50/hour for out-of-court work, and all work done after February 1, 1997, should be billed at the hourly rate of $75.00.[3] The County also objected to paying the fees based on its claim that most capital ease defendants with private counsel have only one attorney.[4]
The court granted Timothy Warner’s petition in part. It determined that Timothy Warner’s entire claim for fees was subject to the circuit’s rate order applicable when Warner first was appointed. After finding that Timothy Warner’s fee was not limited by the $3500 statutory cap, the court ordered the County to pay Warner’s costs and to pay him a specified amount, which the court calculated at the rate of $50.00 for out-of-court work and $60.00 for in-court work.
After noting that he saw no reason for the original trial judge’s appointment of co-counsel in the case, the successor judge found that the appointing court had never made a determination pursuant to Makemson v. Martin County, 491 So.2d 1109, 1115 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), and Schommer v. Bentley, 500 So.2d 118, 120 (Fla.1986), that the case was “extraordinary and unusual to the extent that additional counsel is necessary.” Accordingly, the court denied William Warner’s petition for fees and costs in its entirety.
Just as a trial court is invested with discretion to depart from the statutory fee limit for court appointed counsel, it also has discretion to appoint more than one attorney for a defendant based on the court’s determination that the complexity of the case requires it. See Armstrong v. State, 642 So.2d 730, 737 (Fla.1994)(“Appointment of multiple counsel to represent an indigent defendant is within the discretion of the trial judge and is based on a determination of the complexity of a given case and the attorney’s effectiveness therein.”), cert. denied, 514 U.S. 1085, 115 S.Ct. 1799,131 L.Ed.2d 726 (1995); Makemson v. Martin County, 491 So.2d 1109, 1115 (Fla.1986)(holding that the trial court has the inherent power “in extraordinary and unusual eases” to award attorney’s fees exceeding the statutory cap to assure court- *614 appointed counsel is “not compensated in an amount which is confiscatory”), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987); Schommer v. Bentley, 500 So.2d 118, 120 (Fla.1986)(stating that “[i]f a trial court finds that multiple attorneys are necessary in a particular ease for effective representation under the parameters of Makemson, the attorneys should be appropriately compensated.”). See also White v. Board of County Comm’rs, 537 So.2d 1376, 1380 (Fla.1989)(finding that “virtually every capital case” involves extraordinary circumstances and unusual representation justifying a court’s determination to award fees exceeding the statutory cap and stating that “[i]n determining whether to exceed the statutory maximum fee cap, the focus should be on the time expended by counsel and the impact upon the attorney’s availability to serve other clients, not whether the case was factually complex”). See also §§ 27.53, 925.035, Fla. Stat. (1995).
In the ease at bar, the trial court departed from the essential requirements of law when it chose, in effect, to countermand the prior judge’s appointment of co-counsel after the rendition of services by counsel. Contrary to the court’s finding, the prior judge did make a determination pursuant to Makemson and Schommer that appointment of co-counsel was necessary due to the complexity of the case, and that determination is clearly contained in the order appointing co-counsel.[5] See Ferrell v. State, 653 So.2d 367, 370 (Fla.l995)(reiterating that determination to appoint multiple counsel is based on complexity of and attorney’s effectiveness in a given case and rejecting per se rule requiring appointment of multiple counsel in all capital cases), cert. denied, — U.S. -, 117 S.Ct. 1262, 137 L.Ed.2d 341 (1997). Accord Orange County v. Corchado, 679 So.2d 297 (Fla. 5th DCA 1996)(remanding where trial court had found all capital cases require multiple counsel for the trial court to determine whether additional counsel was necessary in that specific case). Because the prior judge in the instant case had made a determination that the specific case necessitated the appointment of co-counsel, the successor judge erred in denying William Warner’s petition for attorney’s fees and costs.
The written order here reviewed suggests that William Warner could seek reconsideration of the court’s denial of attorney’s fees provided he is able to come forward at an evidentiary hearing with a factual basis supporting his sua sponte appointment as co-counsel. The successor judge below had no authority post-sentencing to conduct a review of the prior judge’s determination of the complexity of the case and the necessity for appointment of co-counsel. The County did not seek rehearing or review of the determination that co-counsel should be appointed when it was originally made, nor did the County seek reconsideration of the order by the successor judge upon the original judge’s recusal. See §§ 38.05, .07, Fla. Stat.; Fla. R. Jud. Admin. 2.160(h); Orange County v. Corchado, 679 So.2d 297 (Fla. 5th DCA 1996). Thus, the time for review of the order finding that the appointment of co-counsel was necessary has long since passed.
The court also erred in not compensating Timothy Warner for any work that he did after January 31,1997, at the rate of $75 per hour as provided in Holmes County Administrative Order 97-1, which took effect February 1, 1997. See Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995) (remanding for trial court to apply hourly rates fixed by administrative order relating to fees for court-appointed counsel). As noted above, the County previously admitted the applicability of this administrative order.
Accordingly, we grant the petition for cer-tiorari and quash the order under review insofar as it denies attorney’s fees and costs to William Warner and fails to award fees to Timothy Warner for work done after January 31, 1997, at the hourly rate of $75. We remand the cause to the trial court to enter an order awarding Timothy Warner attor- *615 Bey’s fees in an amount which compensates him for work done after January Bl, 1997, pursuant to Holmes County Administrative Order 97-1. The court also shall award William Warner attorney’s fees and costs, and the fees shall be determined under the applicable rate orders as outlined above. Additionally, the court is instructed to afford the County a hearing on its objection to paying petitioners herein for 68 hours which the County maintains constitutes a duplication of effort for which the County should not be required to pay attorney’s fees. At such hearing, the County shall be required to demonstrate (1) that such hours amount, in fact, to a duplication of effort, and (2) that such duplication of effort was unreasonable and/or unwarranted. Inasmuch as the trial court appears to have pre-judged this issue based upon its own review of the record, the Chief Judge of the Fourteenth Circuit is directed to assign all further proceedings in this matter to another judge.
Reversed and remanded for such further proceedings consistent with this opinion.
WOLF and DAVIS, JJ., concur.

. We note that the County is a proper party in this case. See Mackenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973); County of Seminole v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980); Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA), cert. denied, 253 So.2d 864 (1971), cert. denied, 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1972).

. Defendant’s two attorneys, who worked in different law firms at the time, had previously been granted interim attorney's fees and costs for their services from November 22, 1996 through January 21, 1997, which Holmes County paid, apparently without protest.

. The administrative order in effect when petitioners began their representation required that Holmes County pay conflict counsel $60 per hour for in-court time and $50 per hour for out-of-court work. On January 14, 1997, the chief judge issued "Holmes County Administrative Order 97-1,” which provides that commencing February 1, 1997, all conflict counsel in criminal cases would be paid $75 per hour.

.The attorney objected to "the entire billing for attorney’s fees as the bills greatly exceed the level of defense that Defendants using the Public Defender gets [sic].” “I do not believe that a Defendant is entitled to a Cadillac defense at the expense of the county; rather they [sic] are only entitled to a competent and adequate defense.” With respect to costs and fees, generally he concluded: “I also object to the County being required to pay any of the fees and costs being requested because the State should pay all expenses of the State Court system.” While the latter argument may fall on sympathetic ears, such is properly directed to the Florida legislature.

. The successor judge was apparently troubled by what he perceived as the absence of a stated factual predicate for the original judge's conclusion that appointment of co-counsel was required. However, we find nothing in the statute or case law requiring that the judge lay out the factual predicate in its order of appointment. Nor do we find any prohibition against sua sponte appointment of co-counsel.