726 So.2d 848 (1999)
Jerry Dale BOBBITT, Appellant,
v.
STATE of Florida, Appellee.
No. 98-674
District Court of Appeal of Florida, Fifth District.
February 5, 1999.
*849 David D. Fussell, Orlando and Kelly B. Sims, Winter Park, for Appellant.
George L. Dorsett, Assistant County Attorney, Orange County Attorney's Office, Orlando, for Appellee.
COBB, J.
By this appeal, the appointed defense counsel for defendant Jerry Dale Bobbitt, Fussell & Sims, seek review of an order denying their amended motion to set a reasonable hourly rate. The defendant, who was declared indigent, was charged with first degree capital murder.
Attorneys David Fussell and Kelly Sims requested compensation at a rate higher than the $50 per hour rate established by Administrative Order No. 87-31 (Amended Order Fixing Rate of Pay to Court Appointed Counsel dated March 17, 1988). They argued that they conducted extensive investigations over a period of 21 months, which resulted in a plea on the eve of trial in the above-styled cause and in two other cases, CR 96-5608 and MO 94-13601, and that a higher hourly rate was appropriate. They further argued that the Chief Judge entered an order in Osceola County case number CR 95-2245 (State v. Skocz), approving payment for defense counsel in the amounts of $100,000 and $75,000, and that this order effectively raised the hourly rate in the Ninth Judicial Circuit. Alternatively, they argued that the trial judge had the inherent authority to ensure that appointed counsel received reasonable compensation.
Orange County moved to dismiss, arguing that only the Chief Judge was allowed to establish the rate of payment, pursuant to § 925.036, Florida Statutes, and that the motion failed to state a cause of action because the attorneys were aware of the rate of payment for court appointed counsel and accepted the appointment voluntarily. Orange County also argued the attorneys lacked standing to raise the motion and that the court lacked jurisdiction to address it.
The attorneys reiterated that the Skocz order effectively set the rate of payment for court appointed attorneys in capital cases at $125 per hour. They also argued that section 925.036, Florida Statutes, had been found unconstitutional as applied to capital cases and was vague regarding exactly who had authority to set payment rates, and that the Chief Judge could delegate the authority to set payment rates. Finally, they argued that this court has rejected the claim that attorneys are estopped from requesting a higher rate when they were aware of the rate when they accepted the case.
The County argued the length and complexity of this case justified setting aside the statutory cap on fees but not increasing the hourly rate. The County noted the cases cited by attorneys Fussell and Sims all referred to situations in which this cap, not the hourly rate, was challenged. The County also disagreed with the contention that the Skocz order effectively raised the hourly rate *850 for the circuit, and argued this order was more akin to a negotiated or stipulated settlement, without reference to any particular rate. Finally, the County argued there is no confusion as to the meaning of § 925.036, and that it is clear the Chief Judge alone possesses authority to set or increase the hourly rate.
In response, the attorneys argued that this case was complex and time-consuming, unique among capital cases in this circuit, and compensation pursuant to the 1988 administrative order was "unreasonable and confiscatory." They argued the order limited the court's ability to ensure counsel with experience sufficient to represent indigent defendants in cases of this nature.
The attorneys sought an evidentiary hearing before the trial judge. Prior to any such hearing, however, the trial judge was suspended from the bench and the chief judge of the circuit, Belvin Perry, assumed authority over the case. The chief judge ultimately denied the petitioners' motion, finding as follows:
The number of hours expended by both attorneys were approved by orders entered August 30, 1996. Their motions requesting interim payment at the rate of $50 per hour were granted; attorney Sims received $29,312.50 by order filed April 15, 1997, and attorney Fussell received $29,875.00 by order filed April 17, 1997. In addition, the file contains orders for reimbursement of costs expended during their preparation and investigation of this case.
It is not necessary to conduct an evidentiary hearing with respect to whether defense counsel is entitled to receive additional payment reflecting an award of fees in excess of the regular hourly rate. This Court concludes that they are not so entitled. The controlling authority is found in the case of Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995), and cases cited therein, as well as § 925.036, Florida Statutes (1993), and Administrative Order No. 87-31. In Ratchford, it was held the trial court had departed from the essential requirements of law by failing to apply the hourly rate fixed by the Chief Judge's administrative order. The statute provides that court appointed attorneys are to be compensated at the rate fixed by the Chief Judge. Finally, the administrative order establishes a rate of payment of $50 per hour for work performed after March 17, 1988.
The cases provided by attorneys Fussell and Sims are not persuasive. The majority of these cases relate to motions to exceed the fee cap established by § 925.036, rather than the hourly rate established by the Chief Judge's administrative order. In Brevard County v. Eisenmenger, 567 So.2d 1059 (Fla. 5th DCA 1990), the trial court's award of a higher hourly rate was upheld. However, this case is distinguishable because the Chief Judge of the Eighteenth Judicial Circuit had increased the hourly rate by an administrative order entered during the pendency of the case and counsel's fee had not yet been determined.
In Makemson v. State[Martin County], 491 So.2d 1109 (Fla.1986), the Florida Supreme Court held that § 925.036 is unconstitutional when it limited the court's power to ensure adequate representation. However, this case addressed the statutory cap. Further, the Third District Court of Appeal concluded in Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987), that Makemson did not authorize the trial [court] to exceed the hourly rate established by the Chief Judge.
Many of the cases provided by attorneys Fussell and Sims raised the issue of the trial court's "inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." Rose v. Palm Beach County, 361 So.2d 135 (Fla.1978), et al. The substance of their argument was that it was within the court's inherent power to increase the hourly rate, because justice required that indigent defendants received reasonable representation, which could not be achieved without adequate compensation. Reasonable fees are those which are "not confiscatory of the attorney's time, energy, and talents." Makemson; Leon County v. McClure, 541 So.2d 630 (Fla. 1st DCA 1989). Further, "[t]he appointment of counsel in any setting *851 would be meaningless without some assurance that counsel give effective representation." Remeta v. State, 559 So.2d 1132 (Fla.1990).
Again, their arguments are unpersuasive. The rate of $50 per hour was used to compensate every attorney who accepted cases in the Ninth Judicial Circuit, and it was not unreasonable or confiscatory as applied to attorneys Fussell and Sims. Both attorneys are to be commended for their work in preparing the defense of Jerry Dale Bobbitt, but they were aware of the administrative order setting the hourly rate of payment when they accepted the appointment. The trial judge was not authorized to enter an order granting the attorneys an additional fee award based upon a higher hourly rate, and the undersigned Chief Judge specifically declines to do so. The undersigned Chief Judge has now issued an administrative order increasing the hourly rate of payment for court appointed attorneys, but this order has been issued well after the completion of the instant case, and cannot be applied hereto.
First, we note that the appropriate vehicle for review of an order in a criminal case awarding attorney's fees to court-appointed counsel is by petition for certiorari. See Monroe County v. Garcia, 695 So.2d 823 (Fla. 3d DCA 1997); Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995); Jenkins v. Escambia County, 614 So.2d 1207 (Fla. 1st DCA 1993). The notice of appeal here is treated as a petition for writ of certiorari. Jenkins.
The petitioners, Fussell and Sims, challenge the adequacy of their compensation. They initially assert that the chief judge of the circuit has in the past approved raising of the circuit wide rate of compensation for conflict counsel in exceptional capital cases such as this, citing State of Florida v. Jeremy Skocz, CR 95-2245. Petitioners further assert that section 925.036, Florida Statutes, is unconstitutional to the extent that it deprived the trial judge of the authority to raise the rate of compensation. Finally, petitioners assert that they were denied a reasonable rate of compensation when the chief judge enforced the $50.00 per hour rate.
As to the petitioners' first point, this court is in no position to compare the award of attorney's fees in one capital case with those in another. We lack an adequate record to engage in such comparisons. Furthermore, there is no requirement that fees be equalized.
As to the constitutionality of section 925.036, Florida Statutes, it provides:
925.036. Appointed counsel; compensation; reassignment of case prohibited
(1) An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the minimum fee limits established by this section. In addition, such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. If the attorney is representing a defendant charged with more than one offense in the same case, the attorney shall be compensated at the rate provided for the most serious offense for which she or he represented the defendant. This section does not allow stacking of the fee limits established by this section.
(2) The compensation for representation shall not exceed the following:
(a) For misdemeanors and juveniles represented at the trial level: $1,000.
(b) For noncapital, nonlife felonies represented at the trial level: $2,500.
(c) For life felonies represented at the trial level: $3,000.
(d) For capital cases represented at the trial level: $3,500.
(e) For representation on appeal: $2,000.
(3) An attorney appointed in lieu of the public defender to represent an indigent defendant may not reassign or subcontract the case to another attorney.
*852 By this statute, the legislature has given the chief judge of each circuit the authority to set the hourly rate. While in Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), the supreme court held that the statutory cap provision found in subsection 925.036(2) for capital representation ($3,500) was unconstitutional as applied, the court did not hold that the statute unconstitutionally allowed the chief judge to set the applicable hourly rate. In fact, the authority of the chief judge to set the rate has been recognized by many appellate courts. See Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995)(and cases cited therein); Brevard County v. Eisenmenger, 567 So.2d 1059 (Fla. 5th DCA 1990); Board of County Commissioners v. Cannella, 519 So.2d 1124 (Fla. 2d DCA 1988).
The petitioners' true argument here lies in their contention that the hourly rate set by the chief judge on March 17, 1988($50) is unreasonable as applied to the instant representation. Petitioners assert that a trial court can review the appropriateness of a chief judge's administrative order, citing Broward County v. Michaelson, 674 So.2d 152 (Fla. 4th DCA 1996). Michaelson involved an administrative order which lacked any statutory authority. That is not the case here. Nevertheless, an administrative order cannot be immune from challenge or insulated from judicial review.
Having said that, this case does not present the stark facts involved in Makemson and White v. Board of County Commissioners, 537 So.2d 1376 (Fla.1989) wherein the statutory cap found in section 925.036(2) was being employed to limit counsel's compensation to $3,500 which the supreme court indicated would have been confiscatory and merely token compensation, given the time expended by counsel. Here attorney Sims received $29,312.50 and attorney Fussell $29,875.00, exclusive of costs. This is hardly the token compensation referenced in Makemson and White. While some greater amount likely could be justified, this is not the appropriate inquiry. Suffice it to say the fees awarded are not merely token or confiscatory. The fee awards should not be disturbed.
The petitioners also argue that the summary denial of their motion was improper for two reasons: (1) the chief judge improperly assumed control over the case; and (2) the court should have afforded the petitioners a hearing.
The assigned judge was suspended, the chief judge of the circuit, Judge Perry, reassigned the case to himself though apparently no order to this effect was ever entered.
The chief judge of a circuit typically has wide discretion with regard to the reassignment of cases. See Kruckenberg v. Powell, 422 So.2d 994 (Fla. 5th DCA 1982). Litigants have no due process right to be heard before any reassignment of a particular case to a particular judge. Id. Allen v. Bridge, 427 So.2d 249 (Fla. 4th DCA 1983). However, as a practical matter, the chief judge should cause an order of reassignment to be entered to reflect the identity of the successor judge. This would permit adequate consideration of possible disqualification issues particularly where, as here, the successor judge's first act is to rule on the merits of the cause. The procedure employed here would seem to be somewhat at variance with the typical procedure employed when a case is reassigned. However, this procedural variance in itself does not constitute reversible error.
In regard to the second procedural point, we note that a hearing was held before the trial judge on October 16, 1997, in regard to whether the petitioners were entitled to an evidentiary hearing. The court took the issue under advisement and the record reflects no ruling on this issue. Apparently, the next judicial action was Judge Perry's order denying the motion. Given the nature of the issues involved, which were essentially legal in nature, the failure to hold an evidentiary hearing was not reversible error.
AFFIRMED.
GRIFFIN, CJ. and HARRIS, J., concur.